## SUPREME COURT.

JOHN F. NORBURY et al. agt. CASTLE SEELEY and others.

In rendering judgment under section 274 of the code (which gives authority to determine the rights between the plaintiffs or defendants, as between themselves,) the provision therein shall be confined to parties *actually litigating* before the court.

*Hence,* where one of several defendants, as surety, applied after the plaintiff had obtained judgment against all the defendants, without answer, to have execution against the principals, in case he had the debt to pay, *held*, that it was not proper to determine the rights of the defendants upon mere motion, and especially without notice.

*Albany Special Term, August* 7, 1849.—This was an action upon a promissory note signed by Castle Seeley and Garret Tollee as principals, and Nathan Clark, Jr. as surety. The defendants were all served with a summons in the usual form, stating that if they should fail to answer the complaint, &c., the plaintiffs would take judgment for the amount of the note, with interest. None of the defendants having answered, the plaintiffs are entitled to judgment. A motion was made on behalf of the defendant Clark, upon an affidavit stating that he is a mere surety for the other defendants, upon the note; that provision may be made in the judgment for an execution in his favor, against the other defendants, in case he is obliged to pay the judgment.

ALONZO GREENE, *for the defendant Clark.*

HARRIS, Justice.—By the 274th section of the code, it is provided that the judgment to be rendered in an action may determine, not merely the rights between the plaintiffs and defendants, but also the ultimate rights between the plaintiffs or the defendants as among themselves. It is supposed by the counsel who made this motion, that this provision confers upon the court the power, when rendering judgment for the plaintiffs upon the note, to proceed further, and render judgment, contingently, in favor of the surety against his principals. Perhaps this is so. The language of the section referred to seems to be broad enough to authorize it; and yet it would seem, from the language of the next section, that it was intended that in case of failure to answer, no judgment should be given beyond that asked for in the complaint. It is true that this restriction in the 275th section is, in terms, confined "*to the relief granted to the plaintiff.*" Yet there is equal reason for applying the same restriction to the relief sought by one defendant against another. The defendants, who are alleged to be the principal debtors, were in effect apprized by the summons served on

them, that if they failed to answer, judgment would be rendered against them for the amount due upon the note. This was the relief demanded in the complaint. They were not, and have not been, apprized that any relief would be sought against them by their co-defendant. I am not prepared to say that it would not be proper to make some provision, in a judgment like that contemplated by this motion, upon notice to all the parties to be affected by it. But, even then, it may be doubted whether the rights of the defendants as between themselves ought to be determined upon mere motion. I regard the provision upon which this application is founded as judicious and valuable; but I am inclined to think it safer, and more in accordance with the object for which it was inserted in the code, to confine its operation to parties actually litigating before the court. This motion must therefore be denied.