Garvey *v.* Jarvis.

*son* v. *Chamberlin*, 34 *id.* 389. *Rochester W. Lead Co.* v. *The City of Rochester*, 3 *id.* 463.)

Due regard for the interests of the public, by public officers, is commendable, and they are entitled to reasonable protection when acting within the scope of their authority, and in good faith. But the rights of the citizen should not be disregarded by improperly imposing upon him a burden which should be borne by the State. The plaintiff was free from blame, and the expense of the work in question was properly chargeable to the State, and under the facts of this case the defendant was not justified in destroying the plaintiff's property, and thereby subjecting him to the loss, instead of by some other means removing the obstructions at the expense of the State. Whether the State will allow its servant, who has acted in good faith, and but too strictly in its favor, for the interest or even the right of the plaintiff, to suffer, is not for us to speculate. The judgment should be affirmed, with costs.

Decision accordingly.

[ALBANY GENERAL TERM, May 3, 1869. *Miller, Ingalls* and *Peckham,* Justices.]

---

## GARVEY *vs.* JARVIS and others.

The holder of a judgment cannot legally bind himself, by any species of executory agreement, to accept a less sum than is actually due thereon and discharge the judgment; *it seems.*

A judgment, or any matter of record, like a specialty, cannot be discharged, even by what would be considered a good accord and satisfaction in other cases.

Although, under section 122 of the Code of Procedure, the court may determine any controversy between the parties before it, yet where neither of the defendants, in his answer, demands of the court any relief, as against the others, but each merely asks that the complaint be dismissed as to him, it is too late to demand any more, on appeal.

THE plaintiff in this action alleged in his complaint that on or about the first day of November, 1861, James F. Malcolm, one of the defendants, recovered a judgment in the county of Kings against this plaintiff and one Peter Ziglio, for the sum of $2202.90, and a transcript thereof was on the first day of November, 1861, duly filed in the city and county of New York. That during the month of January, 1867, the plaintiff being owner of certain houses in the city of New York which were subject to certain mortgages and taxes that were unpaid, and upon which the said judgment was a lien after said mortgages and taxes, applied to the defendant Malcolm to release the property from the lien of said judgment, which he refused, but offered, if the plaintiff would pay him the sum of five hundred dollars in cash, that he would release him wholly from the said judgment, and satisfy the same, as against him. Whereupon John Garvey, the brother of the plaintiff, offered, in behalf of the plaintiff, to pay the same with a certain mortgage for that amount, which said Malcolm declined to accept, but renewed and left open his said offer to accept the sum of five hundred dollars as aforesaid. That the defendant Tallman is an attorney of this court, and was employed by the plaintiff as his counsel to assist him to obtain the release or settlement of said judgment, and was fully acquainted with the said facts, and well knowing that the plaintiff was desirous to pay the said sum of five hundred dollars and to obtain the release of said judgment from Malcolm, and well knowing from the plaintiff the condition of his affairs, and how the said judgment could be collected from the plaintiff, who would be forced to pay the same, and intending to wrong and defraud him and deprive him of the benefit to be derived from the acceptance of said offer of Malcolm, which the plaintiff was endeavoring to comply with and fulfill, confederated and conspired with the defendant Philip S. Roach, and concocted with him that said Roach should go

to Malcolm, and representing to him that he represented the plaintiff herein, pay the said five hundred dollars, and procure an assignment of the judgment to Roach for the benefit of said Roach and Tallman. Whereupon Roach did go to Malcolm, and representing that he came in behalf of the plaintiff, and said Malcolm believing the same, offered to pay him and did pay him the sum of five hundred dollars, which Malcolm accepted as and from the plaintiff, and then and there, at the request of said Roach, who represented that said plaintiff desired the same instead of satisfying the said judgment as against the plaintiff, there assigned the said judgment as against this plaintiff to the defendant Roach, as trustee for the plaintiff. That thereupon said Roach instituted supplementary proceedings on said judgment against the plaintiff, who was ignorant of the said transfer, and, assisted by the defendant Tallman, did obtain and procure from the plaintiff $1200 on account of said judgment and by means of said proceedings, the plaintiff being kept in ignorance of said facts, and that said judgment had been so transferred. The said Tallman being in fact and truth during all of said time in collusion with Roach in reference to said supplementary proceedings. That on the 11th day of June, 1867, Roach assigned and transferred the said judgment as to the plaintiff to the defendant Nathaniel Jarvis, in trust, to collect the remainder thereof from the plaintiff and to divide the same between Roach and Malcolm in the following manner, namely, to said Roach $750, and said Malcolm $943; and the plaintiff alleged that the defendant Roach had been previously fully repaid and reimbursed the said $500 by the plaintiff. Therefore the plaintiff demanded judgment against the defendants, and that it might be adjudged and decreed that said judgment, so far as it affects the plaintiff, was assigned and transferred by the defendant Malcolm to said Roach, as the agent and trustee of the plaintiff, and was so received and taken by him; and that said

assignment was intended to be and was a valid executed discharge of the plaintiff therefrom, and that said defendant Jarvis holds the same as the agent of and in trust for the plaintiff, and might be adjudged and decreed to assign the same to the plaintiff; and that the defendants might be forever enjoined and restrained from demanding or recovering the same, or any part thereof, from the plaintiff, or that the same might be adjudged discharged as against the plaintiff, and for general relief.

The defendants, by their answers, denied the material allegations of the complaint; and each defendant, without asking for any relief against his co-defendant, prayed that the complaint might be dismissed, as to him, with costs.

The action was tried before a justice of this court without a jury. The following facts were found by the justice: 1st. That about the first day of November, 1861, the defendant Malcolm recovered a judgment against the plaintiff and one Peter Ziglio for $2202.90, which he still owned in January, 1867, there having been a sum of two hundred dollars paid upon it by Garvey in October, 1866, the balance remaining unpaid.

2d. That in January, 1867, Malcolm, by word, promised Garvey that he would satisfy and discharge said judgment against him for $500, but Garvey did not then accept the offer.

3d. That Malcolm, while still willing to discharge said judgment for that sum, was, upon the false representation of Roach that he came from and was a friend of Garvey, induced to and did assign the judgment to Roach upon the payment of $500.

4th. Upon obtaining the assignment, Roach immediately took supplementary proceedings against Garvey on the judgment, and obtained $1200 from Garvey by means thereof.

5th. Upon discovering the fraud of Roach, Malcolm brought a suit to set aside the sale and assignment to him,

which was compromised on the 11th of June, 1867, by an assignment of the judgment to Jarvis to collect it, and to pay to Malcolm $943 and to Roach $750, the balance due thereon, and said Jarvis still holds the judgment.

6th. Malcolm makes no other claim upon said judgment than for the $943 and interest, over and above the $500 paid him by Roach.

7th. That said Garvey never paid the $500 to Malcolm, nor did Garvey ever accept of said offer, nor did Garvey ever tender to Roach, the assignee of said judgment, the $500.

As a conclusion of law from these facts, the justice found that Malcolm was not legally bound to accept the $500 in satisfaction of said judgment. That Garvey had no legal or equitable right to have said judgment satisfied for a less sum than was actually due thereon, which he could enforce. That the fraud perpetrated upon Malcolm by Roach did not enure to the benefit of Garvey. That no fraud was perpetrated upon Garvey, because he had lost nothing to which he was either legally or equitably entitled.

Judgment was ordered for the defendants Malcolm and Jarvis, with taxable costs only, and judgment for the defendant Roach, without costs.

The plaintiff appealed from such judgment.

*Geo. C. Genet,* for the appellant.

*J. F. Malcolm,* in person and for respondent Jarvis.

*S. F. Higgins,* for respondent Roach.

*By the Court,* CLERKE, P. J. The finding of law, that Garvey had no legal or equitable right to have Malcolm's judgment against him satisfied for a less sum than was actually due thereon, is clearly deducible from the findings of fact. Malcolm had not legally bound himself to Garvey to take less; indeed I doubt whether this could

be done, by any species of executory agreement. A judgment, or any matter of record, like a specialty, cannot be discharged, even by what would be considered a good accord and satisfaction in other cases. Garvey, therefore, had no other interest, which could be enforced against any of the defendants.

Malcolm asks this general term to award him relief against Roach, and to decree that he is entitled to any money which was to be paid to Roach, under the compromise of the 11th of June, 1867, less the $500 which Roach had paid to Malcolm. Undoubtedly, under section 122 of the Code of Procedure, the court may determine any controversy between the parties before it; but neither of the defendants demanded of the court any relief, as between them. Each defendant merely asked that the complaint should be dismissed as against him; and it was so dismissed. It is too late to demand any more on this appeal.

The judgment should be affirmed, with costs.

Judgment affirmed.

[NEW YORK GENERAL TERM, June 7, 1869. *Clerke, Cardozo* and *Geo. G. Barnard,* Justices.]