THE GLEN & HALL MANUFACTURING COMPANY, v. CHARLES S. HALL.

(GENERAL TERM, FOURTH DEPARTMENT, DECEMBER, 1871.)

In an action to restrain the infringement of a trade-mark and for damages, a cause of action in favor of the defendant against the plaintiff for infringing the same trade-mark, claimed in the complaint to have been violated by the defendant, is not a subject of counter-claim. Accordingly, affirmative relief to the defendant in the action, restraining the plaintiff from using the trade-mark claimed in his complaint, and damages for use of the same, is erroneous.

The street number of a building cannot become part of a trade-mark unless made use of, therefor, by one who has the exclusive use of the only building designated by such a number on the street.

THIS was a motion for a new trial upon a case made. The facts are stated in the opinion.

*W. F. Cogswell*, for the plaintiff.

*J. C. Cochrane*, for the defendant.

Present—MULLIN, P. J.; JOHNSON and TALCOTT, JJ.

MULLIN, P. J. The plaintiff brought this action to restrain the defendant from using its trade-mark, and a temporary injunction was issued.

On the trial the court ordered a perpetual injunction in favor of defendant and against the plaintiff, restraining it from using defendant's trade-mark, dissolving plaintiff's injunction and appointing a referee to ascertain and report the amount of damages sustained by the defendant by reason of

the injunction and in favor of the plaintiff. And it was further ordered that, on the coming in and confirmation of the report of said referee, judgment, &c., be entered in favor of the defendant for costs.

The facts in the case, as found by the referee, are these: Joseph Hall had been engaged in the manufacture and sale of thrashing machines at No. 10 Water street, in the city of Rochester, and put up a sign with No. 10 upon it, and his shop was known by that number. On the death of said Hall, in the spring of 1869, the premises and property of said Hall were sold by his executors to the defendant, who continued the business at the same place, and designated his place of business as "Old Joseph Hall's Agricultural Works, No. 10 South Water St."

The plaintiff, prior to the fall of 1869, carried on the business of manufacturing agricultural implements at Brighton, some two and a half miles from Rochester. In the fall of 1869 they rented a small office on South Water street, near to defendant's shop; and, with intent to injure defendant, put on the store the words and figures "No. 10," thereby indicating their place of business as being "No. 10" South Water street. The number was put upon the implements manufactured by them.

The plaintiff concedes that they were properly refused the relief asked for, but they insist that none should have been granted to defendant. And it is to get rid of that part of the judgment that this motion for a new trial is made.

The defendant is entitled, as a matter of course, to the appointment of a referee to ascertain and report what damages he has sustained by reason of the issuing of the injunction. So much relief the defendant was clearly entitled to.

The only question remaining to be considered is, whether the defendant is entitled to the other relief awarded him by the Special Term.

The words, No. 10, were first used by defendant's grantor. Their use was continued by himself; and the use by plaintiff of those words having been found to be fraudulent, entitled

defendant to judgment restraining plaintiff from their use, if they were a part of his trade-mark.

A trade mark is thus described or defined by the chancellor, in *Coates* v. *Holbrook* (2 Sandf. R., 622, 626); a particular label or sign indicating, to those who wish to give the person using it their patronage, that the article is manufactured or sold by him or by his authority, or that he carries on business, at a particular place. Against the use or imitation of such mark the injured party is entitled to protection by injunction, and he may maintain an action for damages. (*Stokes* v. *Landegroff*, 17 Barb., 608.)

In the last case cited the court say: " In respect to words, marks or devices which do not denote the goods or property, or particular place of business of a person, but only the nature, kind or quality of the articles in which he deals, a different rule prevails. No property in such words, marks or devices can be acquired. They may be used by many different persons at the same time, in their brands, marks or labels on their respective goods, with perfect fairness. They signify nothing, when fairly interpreted, by which any dealer in a similar article could be defrauded. (*Cowen* v. *Doly*, 7 *Bosw.*, 222; *Amoskeag Manufacturing Co.* v. *Spear*, 2 *Sandf. S. C. R.*, 599.)

In the latter case, DUER, J., says, at page 606, but he (the owner of the original trade-mark) has no right to an exclusive use of any words, letters, figures or symbols, which have no relation to the origin or ownership of the goods, but are only meant to indicate their name or quality. He has no right to appropriate a sign or symbol from the nature of the fact which it is used to signify others may employ with equal truth, and, therefore, have an equal right to employ for the same purpose.

It will be seen from the foregoing extracts that a party has the right to be protected in the use of a trade-mark that indicates the place of business where he manufactures or sells his goods.

If by this proposition it is intended to say that a manufacturer or vendor of an article can acquire the right by prior

use to the exclusive use of the designation of the place in which he makes or vends an article, as a part of his trade-mark, it cannot and ought not to be sanctioned.

Could it be tolerated that the man who first put in bottles and sold mineral waters in the city of New York might, by putting on the bottles his name and his residence in that city, exclude every other manufacturer of such waters from designating such city as his or their place of business? I apprehend not.

If he may not exclude from a city, why should he from a street or a block on a street?

If a building consists of several stores, may the man who first commences the manufacture or sale of agricultural machines, by designating the number of the building as part of his trade-mark, exclude those who may occupy the upper stories of the same number from designating the same building or number as their places of business where similar articles are manufactured or sold?

It seems to me that no such right can be acquired.

I do not intend to say that a person may not designate his place of business as a part of his trade-mark, so as to entitle him to protection from the same designation by another. But to do it successfully he must secure some other mode of designation, a city, street or number, at or in which others have the same right to deal and manufacture as himself.

If the man who uses the street or number as a part of his trade-mark has the exclusive use of the building indicated by the number, I do not doubt he may use it as a part of his trade-mark against persons who have no right to or interest in the building indicated by the number, but who use it as a part of their trade-mark, in order to pirate on the one justly entitled to use such number to designate his place of business.

But on the answer in this case the defendant was not entitled to the affirmative relief granted to him, beyond the reference to ascertain his damages for breach of his injunction.

To entitle a defendant to affirmative relief the answer must

set up a counter-claim. ( *Wright* v. *Delafield*, 25 N. Y., 266 ; *Garvey* v. *Jarvis*, 54 Barb., 179.)

The claim of defendant for relief is not a counter-claim within the meaning of that term as used in the Code. It does not arise out of the transaction set forth in the plaintiff's complaint, nor does it arise on contract.

The motion for a new trial is granted, with costs to the plaintiff.