Rust agt. Hauselt.

---

## N. Y. SUPERIOR COURT.

JOHN C. RUST agt. CHARLES HAUSELT, impleaded with
HENRY RANCKE.

*Appeal — Stipulation — Costs — Effect of stipulation given on appeal from order granting new trial.*

Where judgment absolute was rendered against a defendant in accordance with his stipulation, given on appeal from an order granting to plaintiff a new trial, and a reference was ordered to ascertain the amount due to the plaintiff, the referee reporting that nothing was due to the plaintiff, but that there was a sum due to the defendant on his counter-claim:

*Held,* that the defendant's right to affirmative relief was lost by the judgment rendered on his stipulation, and that he could not enter judgment for the amount found due him (*See The People* agt. *Denison, ante,* 157).

The court of appeals, in affirming the judgment of the general term, ordering a new trial, with judgment absolute for the plaintiff, said, " with costs : "

*Held,* That that judgment for costs carries the general costs of the action from beginning to end, except the costs of the appeals taken by plaintiff from the order confirming the report of the referee, which were specially adjudged to the defendant, and that these costs should be offset against each other, and judgment should be entered for the plaintiff for the excess.

*Special Term, August,* 1880.

MOTION by defendant for leave to enter judgment upon a referee's report, and motion submitted by both parties to offset costs, both motions being heard without notice upon stipulation of counsel.

The action was begun in April, 1875. The plaintiff in his complaint alleged that he and his copartner, one Henry Rancke (who was made a defendant because he declined to unite with him as a plaintiff), on the 23d day of October, 1873, made an assignment to the defendant for the benefit of their creditors; that the defendant, with the assets of the firm, had discharged their debts and liabilities, and had remaining in his hands a considerable surplus; that Rancke had transferred his interest in such surplus to the plaintiff; demanded an accounting and asked judgment upon such accounting that the defendant pay over to him the sum remaining in his hands.

The answer of the defendant admitted the assignment and the payment of the indebtedness of the firm of Rancke & Rust, except that due himself, but alleged that the defendant had already rendered an account of his assignment, on which it appeared that the surplus remaining in his hands was not sufficient to discharge the indebtedness of the firm to himself. For a second defense he alleged that he had before the beginning of the suit stated to the plaintiff his account as such assignee, and that on such accounting the balance due him from the firm was $1,881, for which he asked judgment against the plaintiff and against his codefendant Rancke. The reply of the plaintiff denied the counterclaim.

The case was tried in November, 1875, before a judge without a jury, who dismissed the complaint and ordered judgment for the defendant Hauselt against the plaintiff Rust, and against his codefendant Rancke, for the sum of $1,881.

On appeal to the general term, on the 8th of May, 1876, the judgment of the special term was reversed. The judgment first entered upon such reversal did not direct a new trial (9 *Jones & Spencer*, 467).

Rust agt. Hauselt.

The defendant Hauselt thereupon appealed to the court of appeals from the judgment of reversal, without giving the stipulation required by section 191 of the Code upon an appeal from a judgment ordering a new trial.

The court of appeals declined to hear the appeal unless the notice of appeal was amended by inserting such stipulation upon the argument. That being done the court of appeals heard the argument, but dismissed the appeal on the ground that it was from a simple order of reversal from which no appeal would lie to that court (69 *N. Y.*, 485). Thereupon, by stipulation of counsel, the order of this court, dated May 8, 1876, was so amended as to reverse the judgment of the special term and to order a new trial; and judgment to that effect was entered.

From this judgment the defendant Hauselt again appealed to the court of appeals, giving in his notice of appeal the stipulation required by section 191 of the Code — that if the order for a new trial should be affirmed, judgment absolute should be rendered against him.

At the March term of the court of appeals, in 1879, the order of the general term of the superior court was affirmed, and judgment absolute for the plaintiff on the stipulation, with costs, was ordered (76 *N. Y.*, 614).

The judgment of the court of appeals was in due form made the judgment of the superior court. It was then, at a special term of this court, on the 29th day of March, 1879, ordered that the plaintiff John C. Rust have judgment absolute against the said defendant Charles Hauselt, with costs. It was further ordered that it be referred to a "referee to state the account and to ascertain and determine the sum or amount which was due from the defendant Charles Hauselt to the plaintiff John C. Rust, under the judgment of the court of appeals and the judgment of this court entered thereon."

The parties attended before the referee, who reported July 8, 1879: "That the defendant Hauselt received under the

assignment the sum of $13,000; that he paid to creditors of the firm $11,235.32, leaving a balance of $1,764.68; that the indebtedness to Charles Hauselt was recognized and stated in the statement of liabilities of said firm, furnished to him by said firm at the time of said assignment, to be the sum of $3,000; that all of said balance is not sufficient to pay the indebtedness due the said Hauselt from the said firm, irrespective of his commissions as assignee; that he has ascertained and reports that there is no sum or amount whatever due from the said defendant Charles Hauselt to the plaintiff John C. Rust."

The defendant took up and filed the referee's report and moved for its confirmation. No exceptions to the report having been filed it was confirmed, as of course, under rule 30. An appeal from the order confirming the report was taken by the plaintiff. The general term affirmed the order. An appeal from this order of affirmance was dismissed by the court of appeals June 10, 1880.

The defendant then attempted to tax the costs of the action. The clerk declined to tax his costs, on the ground that the costs had not been awarded to him. The court sustained the clerk's ruling. The defendant then attempted to tax, as his disbursements, the eighty dollars paid the referee upon taking up his report. This was refused by the clerk, and judge FREEDMAN, before whom the matter was taken, sustained the clerk, holding that disbursements followed costs, and that a party not entitled to costs was not entitled to tax disbursements.

Now the defendant seeks to enter an affirmative judgment against the plaintiff for the amount of the indebtedness of Rancke and Rust to him, stated in the computation of the referee as remaining unpaid after the application of all the moneys which came into his hands by virtue of the assignment. The question then is whether, under the circumstances recited, the defendant is entitled to enter such judgment, and what costs the respective parties are entitled to.

*Edgar Whitlock*, for plaintiff.

*Louis Sanders*, for defendant.

RUSSELL, *J*.— The defendant claims substantially the same rights as if the reference ordered for the purpose of carrying out the order of the court of appeals giving the plaintiff judgment absolute were an ordinary reference to hear, try and determine all the issues in the action on the coming in of the report as to which he would be entitled, as a matter of course, to enter judgment.

There are two objections to this theory: In the first place it was not such a reference, but a reference to state the accounts and to report what was due the plaintiff. In the next place the defendant's rights must now be considered with reference to his stipulation on appeal from the order granting a new trial to the court of appeals, and the determination of the court of appeals rendering judgment absolute against him.

What was the effect of that stipulation and judgment? Did it mean something or nothing? Could the defendant stipulate that judgment absolute should be rendered against him, and under such a judgment still enter an affirmative judgment for all that he originally claimed?

I think not. Any right which he had to the affirmative relief claimed in his answer was lost by the judgment of the court of appeals on his stipulation, so that when the case came back to the superior court, it stood in the same position as if there had been no answer interposed — at any rate, no answer asking for affirmative relief. The court might have taken the account, and, having ascertained that there was nothing due the plaintiff, ordered judgment for the plaintiff simply for costs, in conformity with the decision of the court of appeals. It chose instead to have the examination made by a referee under its direction.

The defendant acquired no new rights by reason of the

matter being sent to a referee. The referee was simply to perform an act for the court, mainly ministerial, whereupon it became the duty of the court to enter a final judgment in conformity to the decision of the court of appeals.

There cannot be such a thing as a judgment absolute for the plaintiff, and a finding for defendant of a larger balance due him (*Shufelt* agt. *Rowley*, 4 *Cowen*, 58).

In *Thompson* agt. *Lumley* (7 *Daly*, 74), which was an action for malicious prosecution, the complaint was dismissed at the trial. The general term reversed the judgment and ordered a new trial. The court of appeals affirmed the order and ordered judgment absolute for the plaintiff, upon the usual stipulation. The case coming back to the common pleas, damages were assessed by a judge and petit jury. On the assessment of damages, judge VAN BRUNT ruled that the plaintiff need give no evidence as to the payment of the sum of $700 costs and counsel fees, alleged in the complaint to be special damages, because the judgment of the court of appeals established that claim. Motion was made to vacate the assessment of damages, which was denied, and on the appeal from the order denying that motion, chief justice DALY said :

" The effect of the judgment of the court of appeals was the same as if the whole of the plaintiff's cause of action had been admitted. It was equivalent to an admission, by a failure to put in an answer, that the defendants had, maliciously and without probable cause, caused the plaintiff to be arrested, imprisoned and prosecuted upon a charge of perjury. But the amount paid for counsel fees and costs the plaintiff had to prove upon the assessment, for that was in no way settled by the judgment of the court of appeals, the effect of which was simply to establish the plaintiff's cause of action as averred in his complaint, but nothing more, and the ruling of the judge upon this point was, in my opinion, erroneous (*P.* 76).      *      *      *      As respects the assessment of damages in this case, it is to be regarded as analogous to a

default upon a failure to answer, and to be governed by the practice which existed upon assessing damages upon an inquest at the circuit or upon a writ of inquiry before a sheriff's jury" (*P.* 78).

What, then, is the effect of an admission by failure to answer? Clearly, that the plaintiff in an action is entitled to the relief demanded.

It would be an extraordinary thing for a defendant who did not answer to get an affirmative judgment in the nature of a counterclaim.

In *Wright* agt. *Delafield* (25 *N. Y.*, 266) the plaintiff brought his action to restrain the prosecution of actions pending against him on notes given for the purchase of land, on the ground of defective title, and prayed that the defendant might be required to make a good title and convey. There was a pure defense to the action, which prevailed. But the judge before whom the case was tried, without a jury, not only dismissed the complaint, but gave judgment for the defendant for the amount of the notes. The plaintiff appealed from this judgment, and it was reversed because there was no claim in the defendant's answer for judgment upon the notes. SMITH, J., delivering the opinion of the court, said:

" The principle still remains that the judgment to be rendered by any court, must be *secundum allegata et probata,* and this rule cannot be departed from without inextricable confusion, uncertainty and mischief in the administration of justice. Parties go to court to try the issues made by the pleadings, and courts have no right to make new issues for them on the trial, to their surprise or prejudice, or to find judgments on grounds not put in issue and distinctly and fairly litigated" (*See, also, Kniffen* agt. *McConnell,* 30 *N. Y.,* 285, 290; *Stephens* agt. *Hall,* 2 *Robt.,* 674; *Doyle* agt. *Mulrein,* 1 *Sweeney,* 521; *Norbury* agt. *Seeley,* 4 *How. Pr.,* 73; *Glen Manuf. Co.* agt. *Hall,* 6 *Lans.,* 158).

The rendering of an affirmative judgment in favor of a party who had stipulated that judgment absolute should be

rendered against him would be quite as improper as to render judgment in his favor for what his pleadings did not claim.

It is suggested that the case of *The People* agt. *Denison* (*ante*, 157) is an authority for the position here taken by the defendant. I think not. In that case the action was brought by the People to recover certain sums of money alleged to have been overpaid to the defendants by fraudulent collusion with certain officers of the state government. The defense was a denial and a counterclaim. The referee reported in favor of the plaintiffs for the amount claimed. The general term reversed the judgment entered thereon and ordered a new trial. An appeal was taken by the attorney-general from the judgment and order of the general term to the court of appeals, the usual stipulation being given. The action of the general term was affirmed and judgment absolute for the defendants rendered. The judgment of the court of appeals having been made the judgment of the supreme court, the defendants, without any further action or order, entered judgment against the state for the amount of their counterclaim. Motion was made by the attorney-general to set aside this judgment. Judge WESTBROOK granted that motion — first, because a sovereign state which has never authorized the bringing of suits against itself in its own courts for the recovery of any debt or obligation supposed to be owing by it, but which has established a state board of audit for the purpose of hearing and deciding all private claims, cannot have a judgment rendered against it in the courts; second, because, even if such a judgment could be rendered at all, inasmuch as the counterclaim was not litigated or considered upon the trial before the referees, the defendants could not have judgment for the amount claimed without an assessment of damages pursuant to section 194 of the Code. Certainly this case cannot be an authority for the entry of judgment by a party who has stipulated that judgment absolute should be rendered against him.

In the Denison case, the defendant, in whose favor judg

Wentzler agt. Ross.

ment absolute had been ordered, sought to enter judgment without having his damages assessed, and was forbidden.

In the case at bar the defendant, against whom judgment absolute has been ordered, seeks, nevertheless, to enter judgment for all he ever claimed. This he cannot do.

The court of appeals, in affirming the judgment of the general term, ordering a new trial, with judgment absolute for the plaintiff, said, "with costs."

I am of opinion that that judgment for costs carries the general costs of the action from beginning to end, except the costs of the appeals taken by plaintiff from the order confirming the report of the referee, which were specially adjudged to the defendant Hauselt.

These costs should be offset against each other, and judgment should be entered for the plaintiff for the excess.