The Mutual Life Insurance Company of New York, Appellant, v. John O'Donnell et al., Respondents.

While under the Supreme Court rules (Rule 11) an oral stipulation in respect to the proceedings in a cause is not binding and will not be carried into effect by the court, it will not permit a party to be misled, deceived or defrauded by means thereof, and in cases where it has been acted upon by the party making it, he will not be permitted to retract and take advantage of the acts or omissions of his adversary induced thereby.

*It seems*, where in such a case the question as to whether the alleged oral stipulation was made is contested, while the Special Term has power to determine it upon affidavits, where a large amount is involved and the conflict is sharp, the question should be determined upon common-law evidence.

(Argued May 20, 1895; decided May 28, 1895.)

Appeal from order of the General Term of the Supreme Court in the fourth judicial department, made December 9, 1892, which affirmed an order of the Special Term which granted a motion to set aside a judgment for deficiency against the defendant O'Donnell in the above-entitled action for the foreclosure of a mortgage.

The facts, so far as material, are stated in the opinion.

*David B. Hill* for appellant. The Special Term should have denied the motion upon the ground that the alleged agreement was not in writing. (*Broom* v. *Wellington*, 1 Sandf. 663; *Baine* v. *Thomas*, 2 Caines, 95; *Leese* v. *Schermerhorn*, 3 How. Pr. 63; *M. & H. O. Co.* v. *Pugsby*, 19 Hun, 282; *People* v. *Carey*, 5 Daly, 532; *Rust* v. *Hausett*, 8 Abb. [N. C.] 148; *Dubois* v. *Roosa*, 3 Johns. 145; *Wager* v. *Stickle*, 3 Paige, 406; *Gaillard* v. *Smart*, 6 Cow. 382; *Turner* v. *Burrows*, 1 Hill, 627; *Montgomery* v. *Ellis*, 6 How. 325; *People* v. *Stephens*, 52 N. Y. 306–310; *Crawford* v. *Lockwood*, 9 How. Pr. 547; *Martin* v. *Angell*, 7 Barb. 407; *Springstur* v. *Powers*, 3 Robt. 483; *White* v. *Ashton*, 51 N. Y. 280.) The judgments could not properly

be vacated upon motion, but, if at all, only by action. (*Phillips* v. *Wicks*, 6 J. & S. 74; *Anderson* v. *Carr*, 7 N. Y. Supp. 281; *Densmore* v. *Adams*, 49 How. Pr. 238; *Hill* v. *Hermans*, 59 N. Y. 396; *Montrait* v. *Hutchins*, 49 How. Pr. 105; *People* v. *E. R. Co.*, 54 id. 59; *Barron* v. *Sanford*, 14 id. 443; *Barber* v. *Case*, 12 id. 351; *Munn* v. *Barnum*, 2 Abb. Pr. 409; *Burnett* v. *Snyder*, 9 J. & S. 342; *Williams* v. *Irving*, 1 Hun, 720; Code Civ. Pro. § 1015; *Heath* v. *N. Y. B. L. B. Co.*, 84 Hun, 302; *Trenor* v. *LeCount*, Id. 426.)

*John C. Churchill* for respondents. The questions as to the making of the agreement relied upon by O'Donnell, that the plaintiff would bid off in each action the mortgaged property at the amount of its claim thereon, and that there should be no judgments for deficiencies, is a question of fact arising upon conflicting evidence, and which the General Term, affirming the decision of the Special Term, has decided in favor of the defendant. That decision is final and will not be reviewed by this court upon appeal. (Code Civ. Pro. § 1337; *People* v. *French*, 92 N. Y. 306, 310; *In re Ross*, 87 id. 514, 515; *People* v. *Fire Comrs.*, 106 id. 257, 262; *Duryea* v. *Vosburgh*, 121 id. 57, 63; *Healey* v. *Clark*, 120 id. 642; *Finch* v. *Parker*, 49 id. 1, 8; *People* v. *French*, 123 id. 636.) The agreement in question was valid though not in writing, as required by rule 11. It was acted upon by the defendant who, with his attorney, signed the stipulations relying upon this agreement. (*People* v. *Stephens*, 52 N. Y. 306, 310; *Montgomery* v. *Ellis*, 6 How. 326; *Turner* v. *Burrows*, 1 Hill, 627; *Gaillard* v. *Smart*, 6 Cow. 382; *Leese* v. *Schermerhorn*, 3 How. 63; 1 Rumsey's Pr. 219.) The agreement in question was within the authority of the plaintiff's attorney, and of Rasquin, as his recognized and confidential representative, and bound the plaintiff. (*Gaillard* v. *Smart*, 6 Cow. 384, 388; *Gorham* v. *Gale*, 7 id. 739, 744; *Mark* v. *City of Buffalo*, 87 N. Y. 184, 188; *Cox* v. *N. Y. C. & H. R. R. R. Co.*, 63 id. 414, 418–420; *U. Bank* v. *Geary*, 5

Pet. [U. S.] 99.)   The power of the court to vacate a judgment unjustly, improperly or fraudulently entered, is a common-law power inherent in the court, and possessed by it as a part of its necessary machinery, and can be exercised by it without special statutory authority.   (Black on Judgments, §§ 297, 303, 321, 322; Freeman on Judgments, § 99; 4 Wait's Pr. 637, 731; *Cannan* v. *Reynolds*, 5 El. & Bl. 305; *Philipson* v. *Earl*, 6 Ad. & El. 587; *Barry* v. *M. L. Ins. Co.*, 53 N. Y. 536; *Dinsmore* v. *Adams*, 66 id. 618, 619; *In re Buffalo*, 78 id. 362, 370; *Lansing* v. *Orcutt*, 16 Johns. 4; *N. Y. I. Co.* v. *N. W. Ins. Co.*, 23 N. Y. 357, 361; *Hackley* v. *Draper*, 60 id. 88, 92; *Foote* v. *Lathrop*, 41 id. 358, 360; *King* v. *Platt's Exrs.*, 34 How. Pr. 26; *Howitt* v. *Merrill*, 113 N. Y. 630, 631; *Morgan* v. *Halliday*, 16 J. & S. 117, 126; *Levy* v. *Loeb*, 5 Abb. [N. C.] 157, 166; *People* v. *Hecktograph Co.*, 10 id. 358; *Vilas* v. *P. & M. R. R. Co.*, 123 N. Y. 442, 450–452; *Mayor, etc.*, v. *Smith*, 138 id. 676; 20 N. Y. Supp. 666.)

Haight, J.   This action, together with seven others, was brought for the foreclosure of mortgages on property in Lowville, Lewis county, executed by the defendant O'Donnell to the plaintiff.   Upon stipulation the other actions are to abide the result reached in this, so that it only becomes necessary to consider the facts as presented in this case.

The complaint expressly demanded judgment against the defendant O'Donnell for any deficiency that might arise upon a sale of the premises.   O'Donnell interposed an answer in which, among other things, he alleged an extension of time of payment under a verbal agreement with the plaintiff, and denied that any sum was due for principal or interest.   After issue was thus joined and before the time set for the trial of the action, O'Donnell wrote the plaintiff a letter in which he offered to allow judgment to be perfected at once upon certain conditions therein enumerated.   Upon the receipt of the letter the plaintiff sent William Rasquin, Jr., an attorney and managing clerk in the office of the plaintiff's attorney of

record in the action, to Lowville to obtain the necessary stipulations and consent to enter judgment. Upon arriving there Rasquin had an interview with the defendant O'Donnell, which resulted in his signing a written stipulation embracing the propositions contained in his letter, and his attorney, Mr. Hilts, who interposed the answer, also signing a stipulation in the action formally withdrawing the answer and waiving the service of all papers, except notice of sale and as to surplus. Thereupon Rasquin, upon an affidavit of regularity and the stipulation of the defendant's attorney, moved at a Special Term for an order of reference to compute the amount due, which motion was granted and a reference had in which it was determined by the report that the amount due and unpaid in this action was the sum of $5,205.82; upon which report judgment of foreclosure and sale was subsequently entered by direction of the court, in which it was specifically adjudicated that, "if the proceeds of such sale be insufficient to pay the amount so reported due to the plaintiff, with the interest and costs as aforesaid, the said sheriff specify the amount of such deficiency in his report of sale, and that the defendant John O'Donnell pay the same to the plaintiff." Upon the sale the premises were struck off to the plaintiff for the sum of $4,000, and the sheriff reported a deficiency of $1,475.50, for which amount a deficiency judgment was entered. The defendant O'Donnell thereafter, upon affidavits tending to show an oral stipulation of the attorney, Rasquin, to the effect that the plaintiff, upon the sale of the premises under the judgment, would bid the amount of the judgment and costs made at the time of the making of the stipulation to withdraw the answer, moved the court at a Special Term for an order vacating and setting aside the deficiency judgment entered herein. This motion was granted.

Can the order so made be sustained? As we have seen, the judgment for the foreclosure and sale was entered after the making of the alleged oral stipulation, and in the judgment it is expressly adjudged that the defendant O'Donnell shall pay any deficiency that may arise upon a sale of the premises.

This judgment still remains unmodified and in full force. It is an adjudication as to the rights of the parties as they then existed and as such is binding upon them. As to the right of the plaintiff to the deficiency judgment, and the facts then existing upon which such right depends, the original judgment must be regarded as *res adjudicata.*

Again. The order vacating the deficiency judgment was based upon an alleged oral stipulation made by Rasquin, the managing clerk of the plaintiff's attorney. Rule eleven of the general rules of practice of the Supreme Court provides that "no private agreement or consent between the parties or their attorneys, in respect to the proceedings in a cause, shall be binding, unless the same shall have been reduced to the form of an order by consent, and entered, or, unless the evidence thereof shall be in writing, subscribed by the party against whom the same shall be alleged, or by his attorney or counsel." This rule is of somewhat ancient origin. It grew out of the frequent conflict between attorneys as to agreements made with reference to proceedings in actions, and was intended to relieve the courts from the constant determination of controverted questions of fact with reference to such proceedings. Here we have an alleged oral arrangement in reference to the proceedings in a cause made by the attorney or his clerk, which, as it appears to us, comes within the express condemnation of the rule. (*Broome* v. *Wellington,* 1 Sandf. 664; *Bain* v. *Thomas,* 2 Caines R. 95; *Leese* v. *Schermerhorn,* 3 How. Prac. R. 63; *M. & H. Organ Co.* v. *Pugsley,* 19 Hun, 282; *Rust* v. *Hauselt,* 8 Abb. N. C. 148.) It is thus apparent that the order appealed from, in its present form, cannot be sustained. It absolutely sets aside and vacates a deficiency judgment which, in the seven actions, amounts in round numbers to $10,000, thus depriving the plaintiff of that amount which it has been adjudged was actually and justly due and owing to it.

The defendant may, however, if entitled thereto, be awarded in a proper proceeding appropriate relief. Such relief may doubtless be obtained by motion. He may be entitled to

relief by having the original judgment as entered modified by striking out so much thereof as adjudges that he pay any deficiency that may arise upon a sale of the premises, or he may be entitled to have a re-sale of the premises. Whilst the oral stipulation under the rule is not binding and will not be carried into effect by the court, still it will not permit a party to be misled, deceived or defrauded by means thereof, and in some instances where it has been acted upon the party making it, will not be permitted to retract and take advantage of the acts or omissions of his adversary thereby induced. (*People* v. *Stephens*, 52 N. Y. 306, 310.) So that, if the defendant O'Donnell, by the oral agreement, was led to believe that the plaintiff would bid the full amount of the judgment, and, relying thereon, neglected to attend the sale and look after his interests thereat, the court may, upon motion and by way of a favor to him, order a re-sale.

Whether there was an oral agreement by which O'Donnell was misled was sharply controverted before the Special Term. The question was determined upon affidavits. We do not question the power of the Special Term to so determine the facts, but we wish to suggest that where so much is involved and the conflict is so sharp, that it would be more satisfactory to have the question determined upon common-law evidence taken by the court or before a referee appointed for that purpose, where the parties could have an opportunity to cross-examine the witnesses. (*Hill* v. *Hermans*, 59 N. Y. 396.)

The order of the General Term and that of the Special Term should be reversed, with costs, and the proceedings remitted to the Special Term for such further action in the matter as counsel may advise.

All concur.

Ordered accordingly.