AUDREY FREUDENBERG, an Infant, by MEYER FREUDENBERG, Her Guardian ad Litem, and MEYER FREUDENBERG, Appellants, v. S. CARLYLE TRATTLER, Respondent.

First Department, February 11, 1937.

*Jay Leo Rothschild* of counsel [*Leo Fox*, attorney], for the appellants.

*Robert J. Bell* of counsel [*Lorenz J. Brosnan*, attorney], for the respondent.

GLENNON, J. This is an appeal by the plaintiffs from an order entered at Trial Term directing the consummation of a settlement

which was alleged to have been made after both sides had rested, and after a consultation between the justice presiding at the trial and counsel. Immediately preceding the conference the attorney for the defendant had renewed his motion to dismiss, and, in addition thereto, asked that certain evidence be stricken from the record.

It is asserted by the attorney for the defendant and not denied that, in the course of the discussion, an offer of settlement in the sum of $500 was accepted by the attorney who represented the plaintiffs, after the latter had conferred with the father and the mother of the infant plaintiff who was alleged to have suffered injuries. It is not disputed that the consultation between the attorney and his clients was held outside of the justice's chambers, and not within his hearing.

A dispute has arisen as to what actually took place. In his affidavit the attorney who represented the plaintiffs upon the trial asserted that Meyer Freudenberg, who, in addition to being a plaintiff in his own right, was also guardian *ad litem* of the infant, agreed upon the terms of settlement. On the other hand, Freudenberg contends in his affidavit that he did not consent to the settlement. He said in part: " I walked out with the understanding that I was to consider the offer of settlement and that I was to return my consent or approval at some future date." While that settlement may seem somewhat incredible, nevertheless an issue of fact was presented and should not have been disposed of upon affidavits. The practice which should have been followed was outlined in *Mutual Life Insurance Co.* v. *O'Donnell* (146 N. Y. 275, 280), where Judge HAIGHT said: " Whether there was an oral agreement by which O'Donnell was misled was sharply controverted before the Special Term. The question was determined upon affidavits. We do not question the power of the Special Term to so determine the facts, but we wish to suggest that where so much is involved and the conflict is so sharp, that it would be more satisfactory to have the question determined upon common-law evidence taken by the court or before a referee appointed for that purpose, where the parties could have an opportunity to cross-examine the witnesses. (*Hill* v. *Hermans*, 59 N. Y. 396.) "

We have determined, therefore, to appoint an official referee to take testimony and report to the justice who presided at the trial of the action. We are not unmindful of the fact that the defendant has certain rights which should be safeguarded, where, as here, the offer of settlement apparently was made by him in good faith after having been advised that the court at Trial Term was about to decide the case in his favor.

The order should be reversed and a reference ordered to take testimony and report to the justice who presided at the trial of the action, with twenty dollars costs and disbursements to the appellants to abide the event.

MARTIN, P. J., McAVOY, O'MALLEY and UNTERMYER, JJ., concur.

Order unanimously reversed and a reference ordered to take testimony and report to the justice who presided at the trial of the action, with twenty dollars costs and disbursements to the appellants to abide the event. Settle order on notice.