LUCINDA C. BROWN and JOHN R. BROWN, Appellants, v. FARMERS LOAN & TRUST COMPANY *et al.*

**Abstract's Filing:** AFFIRMANCE: *Engagements of counsel.* Other engagements of counsel are not ordinarily an excuse for failure to file an abstract within the time required by law.

ESTOPPEL TO ASK AFFIRMANCE: *Filing denial.* Where appellee's motion to affirm the judgment on the ground that the abstract was not filed within the required time was served and filed before they filed their denial of the abstract and their argument, appellant's counsel could not be misled to believe that by the filing of the latter the motion to affirm would not be insisted on; and appellees are not estopped to insist on their motion to affirm, though it was not filed until after appellant filed the abstract and his argument of the cause.

UNDERSTANDINGS BETWEEN COUNSEL. Understandings between counsel cannot be considered as an excuse for failure to file an abstract within the time required by law, unless reduced to writing and filed in the case, or consented to in open court.

*Appeal from Calhoun District Court.*—HON. Z. A. CHURCH, Judge.

FRIDAY, OCTOBER 20, 1899.

ACTION in equity to have a warranty deed, absolute in form, executed and delivered by the plaintiffs to the defendant company, conveying the lands described therein, declared to be a mortgage, and for leave to redeem therefrom. Decree was rendered dismissing plaintiffs' petition, and quieting title to the defendant company and defendant M. M. Hines, as prayed in their cross petition. Plaintiffs appeal.—*Affirmed.*

*H. E. Long* for appellants.

*M. J. Sweeley* for appellees.

*Stevenson v. Lavender* for interveners.

GIVEN, J.—Appellees served and filed a motion to affirm the judgment on the ground that appellants' abstract was not filed within the time required, and because it is unnecessarily lengthy and contains much that is immaterial. In the same motion they ask that, if an affirmance is not granted, the costs of printing said abstract, or so much thereof as is unnecessary, be taxed to the appellants. This motion was submitted, and an order made affirming the judgment, which order was afterwards set aside, and the motion to affirm submitted with the case. The decree was entered on the 6th day of September, 1897, the appeal was taken on October 22, 1897, and the abstract filed July 29 that had been served July 30, 1898. Appellants do not claim that their abstract was filed within the time required by law, but insist that, for reasons shown, the motion to affirm should be overruled. The length of the abstract, other professional engagements of appellants' counsel, and an understanding

from conversations with appellees' counsel, are given as reasons why the motion to affirm should be overruled.

Engagements of counsel are not ordinarily, if ever, received as excusing a failure to file an abstract within the time required; and, long as this abstract is, it is not shown but that counsel, with his engagements, had ample time in which to have prepared, served, and filed this abstract within the period required by law. Appellants' counsel, in certifying to the abstract, say, "This abstract is the identical abstract upon which the case was submitted to the district court, and upon which said cause was by said court determined." This being true, it certainly requires less time to have the abstract ready for serving and filing than if it had to be made out after the trial.

Understandings arrived at from conversations between counsel cannot be considered, unless reduced to writing and filed in the case, or consented to in open court.

Appellants' counsel state as a reason why they did not file resistance to the motion to affirm upon its submission, and in resistance of it on this submission, that the motion to affirm was not filed "until long after they had filed their amendment to abstract and argument of the cause." It is insisted that, relying upon the court taking notice of this condition of the case, appellants filed no resistance; and they now insist that by reason of this fact the appelless are estopped from insisting upon this motion to affirm on the ground that the abstract was not filed in time. It appears from the files in this court that the motion to affirm was served September 10 and filed September 13, 1898, and that appellees' denial of the abstract and their arguments were served September 17 and filed September 22, 1898. Appellees' motion to affirm having been served and filed before their denial and argument, appellants could not have been led to believe that by the filing of the latter the motion to affirm would not be insisted upon. The facts are different from those in *Newbury v. Manufacturing*

*Co.* 106 Iowa, 140, and *Parker v. Association,* 108 Iowa, 117.

No sufficient excuse is shown by appellants for not filing the abstract within the time required, and we discover no facts that should estop the appellees from insisting upon their motion to affirm. The motion is sustained.—AFFIRMED.