## GIBSON v. ALLEN.

Under Pol. Code 1903, § 699, subd. 2, providing that an attorney may bind his client by an agreement within the scope of his proper duties and powers, "but no evidence of any such contract is receivable except the statement of the attorney himself, his written agreement    *    *    * or an entry thereof on the records of the court," the record will not be transmitted to the lower court to have the answer as amended made a part of the judgment roll, it being admitted that the answer in the record is a copy of the answer as originally served, and while it is alleged by defendant's attorney that he called at the office of plaintiff's attorney, and in his presence and with his consent inserted certain other words in the answer, it being denied by plaintiff's attorney that any amendment of the answer was made with his knowledge or consent, and no stipulation having been signed by him authorizing the amendment.

(Opinion filed Oct. 19, 1904.)

Appeal from circuit court, Pennington county; Hon. LEVI McGEE, Judge.

Action by Charles E. Gibson against Ethan L. Allen. From a judgment for defendant, plaintiff appeals. Defendant makes application to have the record transmitted for amendment. Application denied.

18 S. D.—27

*Charles W. Brown,* for appellant.

*Buell & Gardner,* for respondent.

CORSON, P. J.   This case is before us upon an order issued by this court requiring the plaintiff and appellant to show cause why the record in this action should not be transmitted to the clerk of the circuit court of Pennington county for the purpose of having the original answer annexed to and made a part of the judgment roll.   In the affidavit for the order it is stated that the copy of the answer made a part of the judgment roll, which was made up by the plaintiff's attorney in connection with the clerk of the court, is not a true copy of the original answer, in that the answer, while admitting the execution of the note set out in the complaint, "denied that the same was a sealed instrument," and that these words were omitted from the copy of the answer made a part of the judgment roll.   The plaintiff, in answer to the order, and for cause why the same should not be made, presents the affidavits of his attorney, in which said attorney states that the copy of the answer made a part of the judgment roll was the copy of the answer served upon him by the defendant, and that it was used in making up the judgment roll, for the reason that neither he nor the clerk were able to find the original answer at the time he was preparing the judgment roll for an appeal to this court, and that he never in any way consented to the interlineation of the original answer so as to cause the same to differ in any particular from the copy served upon affiant; neither was any application ever made to the court below to amend said answer.   The attorney for the defendant admits in his affidavit in rebuttal that the copy so made a part of the judgment roll is a true copy of the

answer as originally drawn and served, but he states that before the 20 days expired in which he was entitled to amend his answer as a matter of course under the statute he called at the office of the plaintiff's attorney, and in his presence, and with the consent of the attorney, inserted in the original answer the denial above set forth, in pencil, and thereupon filed the answer as so amended.

In view of the denial of the plaintiff's attorney that any amendment was made to the original answer with his knowledge or consent, and of the fact that no stipulation was signed by the appellant's attorney authorizing such amendment, and of the fact that it is admitted that the copy of the answer made a part of the judgment roll is a true copy of the original answer as served, the application of the respondent must be denied.   Our Code provides that an attorney may bind his client by an agreement within the scope of his proper duties and powers, "but no evidence of any such contract is receivable except the statement of the attorney himself, his written agreement signed and filed with the clerk, or an entry thereof upon the records of the court." Subdivision 2, § 699, Pol. Code 1903. It will be observed that this court, by this section, is precluded from considering any evidence of an agreement authorizing the amendment of the original answer not admitted by the attorney, evidenced by his written stipulation, or by some entry made in the records of the court, and, as the counsel differ in their recollection as to the amendment of the answer, this court. must be governed by the admitted facts, which are that the copy of the answer in the judgment roll is a true copy of the original answer as served upon the plaintiff's attorney, and this copy, in the absence of the original answer, the appellant

was authorized to annex to and make a part of the judgment roll.   Subdivision 2, §319, Code Civ. Proc. 1903.

The order to show cause is discharged, and the application of the respondent is denied.