## BUNDAY v. SMITH, Mayor, et al.

Under Rev. Pol. Code, § 699, providing that an attorney may bind his client by stipulation, but that no evidence of such agreement is receivable except the statement of the attorney himself, his written agreement, etc., the court on appeal will not consider oral stipulations by attorneys extending the time for filing abstracts and briefs, where the respective counsel differed as to their recollections regarding them.

Where appellant failed to file and serve his abstracts and briefs prior to the time required by the rules of court, and also failed to comply with a stipulation between the parties extending the time, respondent was entitled to a dismissal of the appeal.

(Opinion filed, May 21, 1909.)

Appeal from Circuit Court, Kingsbury County. Hon. CHAS. S. WHITING, Judge.

Action by Sidney L. Bunday against E. W. Smith, Mayor of City of Arlington, and others. From the judgment, plaintiff appeals. Appeal dismissed.

*Hall, Lawrence & Roddle*, for appellant. *Jenkins & Jackson*, for respondents.

CORSON, J.    This case is before us on a motion to dismiss the appeal on the ground of delay in prosecuting the same.

It is disclosed by the affidavit of one of the attorneys for the respondents: That the appeal was taken from the judgment and order denying a new trial, on the 10th day of April, 1906. That the said cause was not placed on the October calendar for that year but on or about the 1st day of October, 1906, said appellant and respondents by their respective attorneys entered into the following stipulation, omitting title: "It is hereby stipulated and agreed by and between the parties to the above-entitled action that said cause may be placed upon the calendar of said court for the October, 1906, term and submitted to the court without oral argument upon printed briefs. It is further agreed that said appellant shall serve and file his printed abstract and brief in said cause on or before the 10th day of November, 1906, and that said respondents shall have until the 20th day of December, 1906, within which to prepare and serve their amended abstract and printed brief." That said appellant has never served or filed a printed abstract or brief on said appeal as provided by said stipulation. One of the attorneys for the appellant files an affidavit in which he claims that, subsequently to the making of the written stipulation, there were oral agreements between the counsel for the respondents, who makes the affidavit on the part of the respondents and himself, giving the appellant further time in which to file and serve his abstract and briefs; but the counsel for the respondents does not admit that there were any such oral stipulations, and denies the same.

In view of the provisions of section 699, Rev. Pol. Code, which provides as follows: "An attorney and counselor has power: * * * (2) to bind his client to any agreement in respect to any proceeding within the scope of his proper duties and powers; but no evidence of any such agreement is receivable except the statement of the attorney himself, his written agreement signed and filed with the clerk, or of an entry thereof upon the records of the court"— this court cannot consider the oral stipulations claimed to have been made by the attorney of the appellant, as the respective counsel differ as to their recollections regarding such oral stipulations.

Rule 9 of the rules of this court provides that 15 days before the commencement of any term of this court all civil causes, except as provided in rule 8 (which refers to criminal cases, and civil cases in which the state is a party), shall be placed on the calendar by the clerk in the order of the several judicial circuits. Rule 12 provides that in all civil cases, the appellant shall deliver or mail to the clerk of this court, 20 days before the first day of the term of the court at which the same may be heard, printed abstract of the record, and shall at the same time deliver a copy of the same to the counsel for respondent. Rule 14 provides that, not less than 20 days before the first day of the term, the counsel for the appellant shall serve upon the counsel of the adverse party one copy, and shall deliver or mail to the clerk of this court at least 10 copies, of his brief. By rule 27 it is provided that a failure to comply with any of the requirements contained in these rules, within the time therein provided, will in the discretion of the court be cause for dismissal of the appeal. In the case at bar it was the duty of the appellant, under the rules of this court, to have prepared and served his abstract and briefs prior to the October term, 1906. On failure to so file them, the respondents had the right to move for a dismissal of the appeal. It appears, however, from the affidavit of the respondents, that, instead of making such a motion, the parties entered into the stipulation above copied, by which it was stipulated that the case should be placed upon the October calendar, and that the abstract and briefs should be served therein on or before the 10th day of November, 1906. No abstract or brief, however, appears to have been filed in this case prior to the making of the motion to dismiss, on the 18th day of June, 1907. It is further disclosed by the affidavit of the attorney for the respondents that the two years' allowed by law in which to take an appeal from a judgment had nearly expired at the time this appeal was taken.

In view of the fact of the omission of the appellant to file and serve his abstract and briefs prior to the October term, and the delay of the appellant in filing and serving his abstract and briefs under the stipulation entered into, the respondents are clearly en-

titled to a dismissal of the appeal, and the appeal is therefore dismissed.

WHITING, J., took no part in this decision.