CARLTON, Appellant, v. SAVILLE, Sheriff, Respondent (Gullick, Intervener).

(213 N. W. 509.)

(File No. 6451.   Opinion filed April 23, 1927.)

1. **Attorney and Client—Statement of Defendant's Attorney, Who Had Been Allegedly Asked by Intervener's Attorneys to Appear for Intervener, Was Not Binding on Intervener.**

Statement of defendant's attorney, who had been allegedly asked by intervener's attorneys to appear for them and their client in conjunction with his appearance for his own client, that he presumed intervener's attorneys would want him to

attend to matter of justification of sureties on undertaking for costs of appeal, and that certain date ' would be agreeable to him, was not binding upon attorneys for intervener or their client.

2.  Stipulations—Supreme Court Will Not Consider Oral Stipulations Between Counsel, When They Differ as to Recollections (Rev. Code 1919, § 5263).

    Under Rev. Code 1919, § 5263, relating to powers of attorneys, Supreme Court will not consider oral stipulations claimed to have been made over telephone between counsel regarding undertaking for costs of appeal, where respective counsel differed as to their recollections regarding same.

3.  Appeal and Error — Undertaking — Respondent's Attorneys, by Failing to Object to Second Undertaking for Costs of Appeal Mailed Them, Did Not Waive Defects in Undertaking or Time of Service.

    Where appellant mailed copy of second undertaking for costs of appeal required by Rev. Code 1919, § 3150, to respondent's attorneys, after sureties on first undertaking did not justify, as required by section 3164, Rev. Code 1919, respondent's attorneys, by failing to object to undertaking or to service of it at that time, did not admit service and waive any defects in undertaking or time of service thereof.

4.  Appeal and Error—Where Appellant Mailed Second Undertaking for Costs, Sureties Not Having Justified, to Respondent's Attorneys, Who Did Not Admit Service, Appeal Was Not Perfected (Rev. Code 1919, §§ 3150, 3164).

    Where appellant mailed notice of appeal accompanied by undertaking for costs required by Rev. Code 1919, § 3150, and sureties did not justify as requested by respondent's attorneys, under section 3164, and appellant mailed new undertaking with one of same sureties to respondent's attorneys, who did not admit service, and appellant served only the one notice of appeal, appellant had not perfected appeal, and did not confer jurisdiction on Supreme Court to proceed therewith.

Note.—See, Headnote (1), American Key-Numbered Digest, Attorney and client, Key-No. 86, 6 C. J. Secs. 156, 162; (2) Stipulations, Key-No. 6, 36 Cyc. 1281, 1282; (3) Appeal and error, Key-No. 392, 3 C. J. Secs. 1257, 1272 (Anno.), 1279, 1282; (4) Appeal and error.   Key-No. 390, 3 C. J. Secs. 1257, 1276.

Appeal from Circuit Court, Aurora County; Hon. R. C. Bakewell, Judge.

Suit by Lewis D. Carlton against G. A'. Saville, Sheriff of Aurora County, in which Ben Gullick, trustee of the estate of

Theophilus J. Carlton, bankrupt, intervened. Judgment on a directed verdict for defendant and intervener, and, from an order denying plaintiff's motion for a new trial, he appeals. On motion of intervener to dismiss appeal. Appeal dismissed.

*R. P. Carlton,* of Huron, for Appellant.

*Johnson & Simons,* of Sioux Falls, for Respondent.

CAMBPELL, P. J. Plaintiff brought this action against defendant sheriff, claiming to be entitled to the immediate possession of the sum of $2,000 in cash, which had been put up to guarantee the appearance of one T. J. Carlton in a criminal action, and claiming that, after the dismissal of said criminal action, defendant sheriff wrongfully levied upon said cash sum of $2,000 as the property of the said T. J. Carlton, when in truth and fact it was the property of this plaintiff. Defendant sheriff interposed his general denial, and alleged that the money in question was also claimed by one Gullick as trustee of the estate of the said T. J. Carlton in bankruptcy, and asked the court to designate a depository for the money pending settlement of the controversy. The trial court designated the clerk of courts of Aurora county as such depository, and the money was deposited with him, and Gullick, the trustee in bankruptcy of T. J. Carlton, intervened and set up his claim to the fund in question, alleging it to be the property of his bankrupt, T. J. Carlton. The case was tried and resulted in a directed verdict and judgment in favor of the defendant sheriff and the intervening trustee in bankruptcy, and against the plaintiff. Plaintiff moved the court for a new trial, which motion was denied. From the order denying his motion for new trial, and from that alone, plaintiff has endeavored to appeal to this court, and the matter is now before us on the motion of the intervener respondent to dismiss the appeal; it being the contention of intervener respondent that appellant has failed properly to serve an undertaking for costs on appeal.

The facts appear to be as follows: On or about January 23, 1927, appellant served on attorneys for respondent intervener by mail a notice of appeal, accompanied by an undertaking for costs executed by one C. L. Trudeau and one Harry Roache, as sureties. Within 10 days thereafter, and on January 26, 1927, attorneys for intervener respondent duly served upon attorney for appellant

a notice that they excepted to the sufficiency of said sureties, and demanded that they justify as required by law. Section 3164, R. C. 1919. Thereafter, and on January 27, 1927, attorney for appellant mailed notice to attorneys for intervener respondent that the sureties would justify before a justice on January 31, 1927. Attorneys for respondent refused to admit service of said notice, and returned the same to appellant for the reason that it did not give 6 days' notice of such justification as required by section 3164, Code 1919. The sureties on this undertaking did not justify on January 31st, or at all. On February 5, 1927, appellant's attorney appears to have prepared a new undertaking with one Cleo Trudeau and one K. O. Stakke as sureties thereon. Cleo Trudeau is the same person who was surety on the first undertaking under the name of C. L. Trudeau. On February 6, 1927, appellant's attorney mailed a copy of this second undertaking to the attorneys for respondent intervener. They were not requested to admit service thereof, nor did they do so, but simply retained the copy mailed to them, without comment, and presently secured an order to show cause in this court upon their motion, to dismiss the appeal.

Appellant served but the one notice of appeal, namely, that of January 23, 1927; he never justified the sureties upon the undertaking served therewith, or other sureties in their stead, pursuant to the demand of intervener respondent, but gratuitously prepared another undertaking, with one of the same sureties, on February 5, 1927, mailing a copy thereof to the attorneys for intervener respondent.

[1] Appellant's attorney claims that he was led to give less than 6 days' notice of the justification of sureties by reason of a conversation had by him with one R. B. Palmer, attorney at Woonsocket, S. D., who represented the defendant sheriff, and appellant contends that, while the defendant sheriff and the intervener trustee were represented by different counsel, yet, in connection with several matters during the pendency of the cause, the attorneys for the intervener had requested the attorney for defendant to appear for them and their client, in conjunction with his appearance for his own client, the defendant sheriff, instead of making a trip from their office at Sioux Falls, S. D., and themselves appearing for their client. Attorney Palmer in conversation with appellant's attorney stated that while he did not know what

intervener's attorneys would do with reference to this matter of justification, yet he presumed they would hardly come from Sioux Falls to appear thereat, and would probably authorize him to appear for them, and, if they did that, so far as he was concerned, the date of January 31st would be agreeable for the justification. There is no claim that Attorney Palmer was retained by, or generally represented, any one in the action excepting the defendant sheriff, and of course his statement that he presumed the attorneys for the intervener might want him to go over and attend to the matter of justification for them is not in any wise binding upon such attorneys for the intervener or their client. It does not purport to be anything more than an expression of the individual attorney's opinion as to the course of conduct that intervener's attorneys might perhaps pursue when they received notice of the time and place of the justification. It is to be observed that appellant's attorney served his notice of appeal upon the attorneys for intervener at their office in Sioux Falls, received directly from them the exception to the sureties, and also served upon them there his notice of the time and place of justification. He can hardly claim to have been misled because intervener's attorneys, on receiving such notice of the time and place of justification, did not see fit to act in the manner in which the attorney for defendant had conjectured, in the best of good faith, that they might act.

[2] Appellant's attorney further contends that, when he learned that the attorneys for intervener would not consent to the justification of sureties on January 31st, inasmuch as they had not received the full 6 days' notice thereof, he telephoned to said attorneys on February 1st, and had a conversation with Mr. Simons of their firm, as a result of which appellant's attorney claims he formed the opinion that it would be agreeable to the attorneys for intervener if appellant served a new undertaking with sureties who were responsible. We do not believe that the words claimed to have been spoken by Attorney Simons, assuming the version of appellant's attorney as to the telephone conversation to be true in every detail, would justify any such inference as appellant's attorney claims to have drawn therefrom. In any event, however, Mr. Simons denies the making of any such statements as are attributed to him in the telephone conversation. And it is the established rule of this court that it will refuse to consider any

oral stipulation claimed to have been made between counsel when the respective counsel differ as to their recollections regarding the same. Section 5263, Code 1919; Gibson v. Allen, 18 S. D. 417, 100 N. W. 1096; Bunday v. Smith, 23 S. D. 308, 121 N. W. 792.

[3] Appellant seems further to be of the view that, when he mailed a copy of his new undertaking to the attorneys for intervener, and they failed to advise him that they objected to that undertaking, or to the service of it at that time, they must be held thereby to have admitted service and to have waived any defects in the undertaking or the time of the service thereof within the decision of this court in La Penotiere v. Kellar, 28 S. D. 469, 134 N. W. 48. This contention of course is incorrect. In the Kellar Case there was an admission of service. In the instant case there was no admission of service, nor did the appellant request any such admission; he simply mailed a copy of his second undertaking with one of the same sureties who had been on the first undertaking, to whom the intervener had excepted and who had never justified, to the attorneys for the intervener. They were under no duty to speak, either as a matter of law or of good faith, and, under such circumstances, manifestly no waiver of any sort can be predicated on their silence.

[4] It seems too clear for argument that appellant has never perfected his appeal, and has not succeeded in conferring any jurisdiction on this court to proceed therewith. Sections 3150, 3164, R. C. 1919; Donovan v. Woodcock, 18 S. D. 29, 99 N. W. 82; Aldrich v. Public Opinion Publishing Co., 27 S. D. 589, 132 N. W. 278; Reed v. Todd, 36 S. D. 215, 154 N. W. 447; Wiseman v. Wiseman, 50 S. D. 258, 209 N. W. 337.

The motion of intervener respondent to dismiss the appeal must be granted, and an order of dismissal will be entered.

POLLEY and BURCH, JJ., concur.

GATES and SHERWOOD, JJ., not sitting.