## No. 13,967.

### Estate of Eder.

### Eder et al. *v.* Methodist Episcopal Church Association of Fowler, Colorado et al.

(67 P. [2d] 1030)

Decided April 19, 1937. Rehearing denied May 10, 1937.

Messrs. Haas & Schwabe, Mr. Edward M. Auslender, Mr. James G. Elliott, for plaintiffs in error.

Mr. Wayne C. Williams, Mr. E. C. Glenn, Messrs. Miller & Allen, for defendants in error.

*En Banc.*

Mr. Justice Young delivered the opinion of the court.

THE sole question involved in this case is whether the district court of Otero county properly exercised its discretion in dismissing an appeal by caveators from a judgment of the county court admitting to probate an alleged lost will of Martin Eder, deceased, against which a caveat had been filed by certain alleged heirs of said deceased.

The subject of this litigation has been in the courts since 1929. It is desirable that a speedy disposition be made of litigation of this character and it is with great reluctance that we feel obliged to reverse the judgment of the trial court.

 The record is deficient in many respects and wholly fails to conform with the requisites necessary for appellate consideration. To ascertain what occurred below, what rules of court were invoked, and whether the procedure was or was not proper, we have found it necessary to have recourse to the briefs of counsel and the supplemental abstract; otherwise no intelligent conception of the controversy is possible, and we have adopted this course only because counsel for both sides are in pari delicto regarding the condition of the record. The supplemental abstract contains matters not in the record or bill of exceptions and also contains what purports to be a copy of an order of the county court before appeal to the district court, a copy of an order of the district court entered May 6, 1935, setting the case for hearing in the district court on May 16, 1935, and an order entered May 15, 1935, vacating such setting and resetting the case for May 15, 1935; also a letter to counsel for plaintiff in error from the clerk of the court dated May 6, 1935, advising him of the setting for May 16, 1935. Counsel for defendants in error approved the bill of exceptions and transcript of the record as submitted to them, notwithstanding none of these matters appear either in the transcript or bill of exceptions. In his reply brief counsel for plaintiff in error sets forth a copy of a notice which he says was served on him by mail and which he received May 1st, 1935. This notice in effect is that on

May 7th following, the proponents of the will would move the court for an order setting the case for trial in accordance with rule 7 of the district court, which rule is set out in proponent's brief, but does not otherwise appear in the record. He further states that after considerable negotiations he and counsel for proponents agreed that the motion for setting would be heard on May 16th. Ordinarily courts take no notice of stipulations of the parties not in writing or not made in open court, nor would we here consider this one but for the peculiar and incomplete state of the record. We have the admission of proponents in their brief that, ''It is true that counsel for caveators were noticed for a hearing on *May 7th,* 1935, but on *May 6th,* 1935, Judge Voorhees was holding court at La Junta, and made an order in open court setting the case for trial on May 16, 1935, and this setting was changed by consent to May 15, 1935.'' (Italics ours.) May 6th was not the first day of the term when cases could be set without notice to the other party under rule 7 above mentioned, which requires when the setting is not on the first day of the term a notice of application in writing shall be served on opposing counsel ''not less than forty-eight hours before the time fixed in said notice, and shall be filed with the clerk of the court not less than twenty-four hours before the time noticed for setting said cause.'' That it was so filed does not appear in the record, in the bill of exceptions, or in the statements of any of counsel in the briefs.

It appears therefore that counsel for caveators were served with notice that counsel for proponents would apply to the court on *May 7th* for setting of the cause; that on *May 6th,* one day before the notice required counsel for caveators to appear, the court set the cause for May 16th, and the clerk notified counsel for caveators by letter dated May 6th, 1935, that the case had been set for May 16th; that when counsel for caveators appeared on May 15th and consented that the order be vacated and the matter reset for that day, he came in response to the notice of application to set, and was not prepared for

trial. The court was in error when he stated (and this is in the bill of exceptions): that "This case was set for hearing two weeks ago [May 6th]" and "was reset for today [May 15th] for final hearing." Under the circumstances we think it was an abuse of the court's discretion summarily to dismiss the appeal without notice of the motion to dismiss being served on counsel for caveators. By serving a notice that they would apply to have the case set, the proponents lulled the caveators into a sense of security, and having done so it is not consonant with principles of fairness and justice to permit them to take advantage of a dismissal granted without notice.

We feel impelled to say, in view of the length of time this matter has been before the court and the character of the record on which the case is here submitted, that counsel on both sides owe it to themselves, their respective clients, and the courts, to proceed with this case without further delay, and that if it shall again be presented here, that it be on a record clearly and fully presenting the matters in controversy between the parties to the end that the issues may be finally settled.

Judgment reversed.