Arthur Barnett, Appellee, v. Morris Gitlitz et al.,
Appellants.

Gen. No. 39,103.

Opin-
ion filed May 4, 1937.   Rehearing denied May 18, 1937.

ABRAMS, SHERMAN & LEWIS, of Chicago, for appellants; IRVING S. ABRAMS and LOUIS A. SHERMAN, of counsel.

SAMUEL E. DAVIDSON, of Chicago, for appellee.

MR. JUSTICE SCANLAN delivered the opinion of the court.

On January 30, 1936, plaintiff recovered a judgment by confession in the sum of $823.51. The judgment was based upon two bonds signed by defendants. The latter, in apt time, filed a motion to vacate the judgment, or in the alternative that the court satisfy of

record the judgment, and a verified petition in support of the motion. Plaintiff filed a motion to strike defendants' amended petition from the files. The court entered an order "overruling motion of defendants to vacate the judgment" and sustaining plaintiff's motion to strike defendants' petition from the files. Defendants appeal.

The following is the verified amended petition of defendants:

"Your Petitioners, Morris Gitlitz, Mary Gitlitz, his wife, Gus Bagan, Sadie Bagan, his wife, and Dora Gitlitz, a widow, respectfully represent to the Court that they are the defendants in this cause; that they heretofore filed a petition to vacate the judgment entered by confession, which motion and petition was ordered filed and set for argument for May 4, 1936.

"Your Petitioners further represent that they show to the Court that the judgment rendered herein is a confession on certain real estate bonds secured by trust deed to the Independence State Bank, as Trustee, dated October 15, 1928, and recorded as Document No. 10183360; that the Independence State Bank ceased doing business and it was succeeded to its trust powers under the trust deed aforesaid by the Chicago Title & Trust Company as successor trustee; that subsequent to the execution of the trust deed, aforesaid, and the bonds secured thereby, of which the bond of the plaintiff is one, a certain proceeding was instituted in the Superior Court of Cook County, Illinois, Case No. 567515, entitled 'Chicago Title & Trust Company, a corporation, as Successor Trustee vs. Morris Gitlitz, et al.,' which was a foreclosure of the trust deed and all of the bonds secured thereby, aggregating $120,000.00, and that the proceedings were prosecuted to such an extent that on July 14, 1934, a Decree of Foreclosure was entered therein and a decretal judgment executed against all of the defendants herein

for the sum of $130,258.81 and cost of suit in favor of said Chicago Title & Trust Company, as successor trustee, for the use and benefit of all the owners and holders of the bonds secured by the trust deed aforesaid of which the bond upon which this judgment is predicated is one.

"3. Your Petitioners further represent that after the rendition of said decree in the Superior Court, aforesaid, the De Luxe Court Apartments, Inc., a corporation, being then and there the owner of the title to the premises securing the trust deed and the bonds aforesaid, of which the bond of plaintiff herein is one, did file its petition for reorganization under Sections 77A and 77B of the Bankruptcy Act, as amended, in the District Court of the United States for the Northern District of Illinois, Eastern Division, which cause was docketed and entitled 'In the Matter of the De Luxe Court Apartments, Inc., a corporation, No. 61705,' and proceedings were had thereunder to the extent that on March 2, 1936, a decree was entered in the United States District Court approving the plan of reorganization provided in said Decree, and ordering that the Decree entered in the Superior Court of Cook County in the foreclosure proceeding be satisfied in full, and that the trust deed securing the bonds, of which the bond of plaintiff is one, be released and declared cancelled and null and void, and that the bonds secured thereby be cancelled and exchanged for the new certificates of the De Luxe Court Apartments, Inc., a corporation, as provided in said plan.

"4. Your petitioners further represent that in pursuance to said Decree entered in the United States District Court for the Northern District of Illinois, Eastern Division, the Honorable Carl R. Chindblom, who is a duly appointed Special Master of said Court, did on April 7, 1936, execute a satisfaction of judgment, satisfying in full the decree entered in the Supe-

rior Court of Cook County, No. 567515, on July 14, 1934, for $130,258.81, which satisfaction was filed for record in the Office of the Clerk of the Superior Court of Cook County, and the said Special Master did execute a release of the trust deed recorded as Document No. 10183360, which release was filed for record in the office of the Recorder of Deeds of Cook County, Illinois, on March 31, 1936, as Document No. 11784498.

"5. Your Petitioners further represent that the judgment herein has been fully satisfied by the filing of the satisfaction of judgment in the Superior Court of Cook County, proceedings No. 567515, and the bonds secured by said Trust Deed, of which the bond of plaintiff is one, has been fully satisfied, paid and discharged, and rendered null and void.

"6. Your Petitioners further represent that it was further provided in the Decree entered in the United States District Court for the Northern District of Illinois, Eastern Division, that all persons are restrained and enjoined from instituting or maintaining any suits or proceedings for the collection of any of the bonds secured by the trust deed, and from doing anything to hinder or delay the reorganization as provided by the Decree of the Federal Court.

"7. Your Petitioners therefore pray the court to enter an order herein vacating the judgment heretofore entered by confession, or in the alternative, that the court satisfy of record said judgment entered herein."

When the matter came on for hearing defendants offered in evidence the following documents:

(1) Certified copy of schedule of secured creditors in bankruptcy proceeding, which shows Morris Barnett as the holder of bonds Nos. 107 and 270, in the amount of $600.

(2) Certified copy of the order of confirmation of Plan of Reorganization of De Luxe Court Apart-

ments, Inc. entered in the United States District court in the bankruptcy proceeding involving the premises in question.

(3) The original trust deed executed by defendants to Independence State Bank, securing the payment of bonds involved in the proceeding.

(4) Certified copy of decree of sale in the superior court of Cook county in case No. 567515, entitled "Chicago Title and Trust Company, a corporation, as Successor Trustee vs. Morris Gitlitz et al.," ordering the sale of the property to satisfy the bonds secured by the trust deed.

(5) Certified copy of satisfaction of decree entered in the superior court of Cook county in case No. 567515, executed by Carl R. Chindblom, Special Master, satisfying the entire indebtedness found due under and by virtue of the decree of sale in the superior court case.

(6) Certified copy of a release deed executed by the same special master releasing the lien of the trust deed recorded as document No. 10226861, securing the payment of the bonds involved.

(7) Certificate of stock No. 2, issued by De Luxe Court Apartments, Inc., to Arthur Barnett, for six shares, dated April 8, 1936.

Defendants contend:

"I. The jurisdiction in the United States District Court is paramount, superior and exclusive of all other Courts, and in reorganizations under section 77B of the U. S. Bankruptcy Act includes jurisdiction over the bonds as well as the holders thereof.

"II. The satisfaction of the decree executed by Carl R. Chindbolm, Special Master, in accordance with the decree of confirmation entered in the United States District Court satisfying the decree of sale in the Superior Court Case No. 567515, satisfied the entire indebtedness including the bonds owned by the Plain-

tiff herein and did not merely release the lien against the property.

"III. Where a judgment is in fact paid and satisfied, the Court on motion may compel the entry of a Satisfaction of Record.

"IV. The Court erred in refusing to admit in evidence Defendants' Exhibits 1 to 6 inclusive, which were pertinent to the issues herein."

Plaintiff's motion to strike was in effect a demurrer to the amended petition and all the facts well pleaded in the petition were admitted by the motion. There are no controverted facts, as plaintiff offered no evidence upon the hearing.

Plaintiff states: "The question involved in the instant cause, is whether or not the bonds or notes are an integral part of the trust deed and cannot be severed, or whether or not the trust deed and the bonds and notes secured by them are separate and distinct instruments," and cites *Oswianza v. Wengler & Mandell, Inc.,* 273 Ill. App. 239, and *Sturgis Nat. Bank v. Harris Trust & Sav. Bank,* 351 Ill. 465, which he contends determine the instant appeal. It is hardly necessary to state that this contention is without merit.

The defendants in the municipal court case were defendants in the foreclosure proceeding in the superior court as the signers of all the bonds secured by the trust deed.

This appeal raises the following question: Where the United States District court, under its bankruptcy powers, and particularly under section 77B of the Bankruptcy Act, has, in a reorganization proceeding pending in that court, ordered a satisfaction of the decree entered in the superior court case (which decree found that there was due complainant in that case as successor trustee, for and on behalf of *all* of the bondholders, the sum of $118,628.19, and that the defendants Morris Gitlitz and Mary Gitlitz, his wife,

Gus Bagan and Sadie Bagan, his wife, and Dora Git-
litz, a widow, were personally liable for that amount),
and also ordered the release of the trust deed securing
the bonds, and the decree of the superior court has
been satisfied and released in accordance with said
order, is plaintiff, who confessed judgment in the mu-
nicipal court while the proceedings in the United
States District court were pending, entitled to have his
judgment in the municipal court remain in full force
and effect, where the amount of the stock he is enti-
tled to under the decree of the United States District
court is tendered to him? It is unnecessary for us to
state the scope and purpose of section 77B of the Bank-
ruptcy Act. By an order of the United States District
court the debt due on *all* of the bonds secured by the
trust deed was satisfied. To sustain the position of
plaintiff it would be necessary to ignore the provisions
of a law of the United States and the orders and de-
cree of the United States District court. If plaintiff
is right, a minority of the bondholders can prevent the
United States District court from functioning under
section 77B. It is our duty and desire to give full
force and effect to the laws of the United States and
the orders and decree of the United States District
court. Defendants' motion in the municipal court, in
the alternative, was in the nature of a writ of *audita
querela,* and under the admitted facts the trial court
should have compelled an entry of satisfaction of the
judgment in the municipal court. (See *Harding v.
Hawkins,* 141 Ill. 572.)

"The writ of *audita querela* has also long been rec-
ognized as the proper remedy to avoid an execution
which has been sued out after the judgment has been
released, paid, or satisfied on a prior execution, or
where any other matter has occurred which operated
as a discharge of the judgment. Even the tender of

the amount due upon an execution and a refusal to receive it may entitle the debtor to relief by *audita querela,* when the tender is kept good and is properly pleaded.'' (6 C. J. 853.)

The judgment order of the municipal court of Chicago appealed from is reversed, and the cause is remanded with directions to the trial court to cause a satisfaction of the original judgment to be entered. Should plaintiff refuse to accept the stock tendered, the court may order it deposited with the clerk of the court, and with the right in plaintiff to claim it.

*Judgment order appealed from reversed, and cause remanded with directions to the trial court to cause a satisfaction of the original judgment to be entered; and with further directions.*

JOHN J. SULLIVAN, P. J., and FRIEND, J., concur.