## OLIVER et al. v. CITY OF SHATTUCK ex rel. VERSLUIS.
### No. 3282.

Circuit Court of Appeals, Tenth Circuit.

Aug. 22, 1946.

---

Duke Duvall, of Oklahoma City, Okl. (Dudley, Duvall & Dudley, of Oklahoma City, Okl., on the brief), for appellants.

L. W. Randolph, of Muskogee, Okl. (Chal S. Wheeler, of Muskogee, Okl., on the brief), for appellees.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

These appellants, as owners of property within a street improvement district in the City of Shattuck, Oklahoma, were defendants in two actions to foreclose statutory liens for delinquent street improvement assessments, wherein the court fixed the liens

and decreed foreclosure of the property of the various owners in the district. The two actions (Nos. 874 and 882) involved common questions of law and fact. The appellants here did not appeal from the judgment entered against them in either case, but the Board of County Commissioners of Ellis County, as joint defendant, in cause No. 874 appealed to this court from the judgment in that case and we reversed, holding that the asserted tax lien had been extinguished, consequently no right of foreclosure existed. Board of County Commissioners of Ellis County v. City of Shattuck ex rel. Versluis, 10 Cir., 140 F.2d 67. The trial court entered judgment accordingly.

After the mandate of this court in the appealed case, the bondholder issued execution in the unappealed case, whereupon these appellants filed their "motion for relief from judgment." The motion alleged that at the time judgment was entered in the two cases, the attorney for the bondholder and the attorney for the property owners entered into an oral agreement whereby in order to "simplify matters and save unnecessary expenses," these appellants would not take an appeal from the judgment in No. 882, but that the ultimate judgment in that case would abide the final disposition of the appealed case. It was alleged that except for this oral agreement the parties would have appealed and reversed the judgment against them, and that they were therefore entitled to have the court enter a judgment in the unappealed case in accordance with the judgment in the appealed case. The appellee bondholder denied the alleged oral agreement and alleged that the judgment was entered in the unappealed case with the full knowledge and consent of appellants' attorney; that he acquiesced and concurred in the form and contents thereof and that no reservation of any kind was made in the judgment.

Treating the motion as one based upon "excusable neglect" under Federal Rules of Civil Procedure, rule 60(b) 28 U.S.C.A. following section 723c, the trial court held that since under the rule such motion must be filed within six months from the date of the judgment, and the appellants having failed to file the same within that period, the court was without jurisdiction to entertain it. The court was further of the opinion that if the motion be treated as an independent action in the nature of a bill of review, relief could not be granted because (1) there was no error of law apparent upon the face of the record; (2) there was no new evidence discovered since the judgment was entered which would materially affect the judgment or probably induce a different result; and (3) there was no fraud in procuring the judgment. The motion was accordingly denied and this appeal followed.

Rule 60(b) authorizes the court to relieve a party from a judgment, order or proceedings taken against him through "mistake, inadvertence, surprise, or excusable neglect," providing the motion is made within a reasonable time, and within six months after the judgment was taken. Of course, it is patent that since upon the face of the record the motion was not made until more than six months after the rendition of the judgment, the court is not authorized to grant relief based upon any grounds provided in the rule. See Norris v. Camp, 10 Cir., 144 F.2d 1; Wallace v. United States, 2 Cir., 142 F.2d 240. But, as the trial court recognized, the rule contains a "saving provision," the manifest purpose of which is to preserve intact and unimpaired the inherent power of the courts to entertain remedial actions for relief against judgments traditionally recognized at common law, such as writs of coram nobis, actions in the nature of bills of review and actions for a writ of audita querela. Norris v. Camp, supra; Wallace v. United States, supra; Bucy v. Nevada Const. Co., 9 Cir., 125 F.2d 213; Fiske v. Buder, 8 Cir., 125 F.2d 841; International Ry. Co. v. Davidson, D.C., 65 F. Supp. 58; Moore's Federal Practice, p. 3255. In other words, the judicial process was not rendered less flexible by the advent of the new rule.[1]

We need not stop to consider whether the trial court correctly denied re-

---

[1] For a comprehensive treatment of the background and application of Rule 60 (b), see Federal Relief from Civil Judgments, by Professor James William Moore and Elizabeth B. A. Rogers, Yale Law Journal issue of June 1946.

lief under the motion as a bill of review, since as we have seen, the court was not limited to this remedy in determining whether relief against the judgment should, or could be granted. According to its ancient precepts, the writ of audita querela was invented to afford relief in behalf of one against whom execution had been issued or was about to be issued upon a judgment, which it would be contrary to justice to allow to be enforced, because of matters arising subsequent to the rendition thereof. 3 Blackstone 405; Vol. 5 Amer.Juris. p. 491; Bouv.Law Dict., Rawle's Third Rev., p. 288; Humphreys v. Leggett, 9 How. 297, at page 312, 50 U.S. 297, at page 312, 13 L.Ed. 145; Kelley v. Kelley, Mo.App., 290 S.W. 624; Baker v. Pencecost, 171 Tenn. 529, 106 S.W.2d 220. It is a direct action, essentially equitable in nature. It contemplates a valid defense to the judgment, and the absence of a legal remedy, including the right of appeal. Robertson v. Commonwealth, 279 Ky. 762, 132 S.W.2d 69; Barnett v. Gitlitz, 290 Ill.App. 212, 8 N.E.2d 517; Vol. 4, Words and Phrases, Perm.Ed., p. 817; Vol. 5 Amer.Juris., p. 491. In modern practice, the writ has been supplanted by the more simple and expeditious motion to vacate or, as here, for relief against the judgment, based upon equitable grounds. See Jones v. Watts, 5 Cir., 142 F.2d 575; In re Drainage Dist. No. 7, D.C., 25 F.Supp. 372, affirmed Luehrmann v. Drainage Dist. No. 7 of Poinsett County, 8 Cir., 104 F.2d 696, certiorari denied Haverstick v. Drainage Dist. No. 7 of Poinsett County, 308 U.S. 604, 60 S.Ct. 141, 84 L.Ed. 505; Vol. 5 Amer.Juris., p. 494; Bou.Law Dict., Rawle's Third Rev., p. 288. See Moore & Rogers, Relief from Civil Judgments, Yale Law Journal, issue of June 1946, p. 659.

█ Without pains to label the form of the action or the remedy, courts have never hesitated to grant equitable relief against a judgment, if to execute it would give the judgment creditor an unconscientious advantage procured through his own fraud or some excusable mistake, or unavoidable accident on the part of the judgment debtor. Freeman on Judgments, Vol. 3, Sec. 1213, p. 2519; Hazel-Atlas Glass Co. v. Hartford Empire Co., 322 U.S. 238, 248, 64 S.Ct. 997, 88 L.Ed. 1250.

█ One of the long recognized grounds of relief from a judgment, is an agreement or understanding between the parties, which if observed would have obviated the judgment, especially if the agreement operated to lull the judgment debtor into security and inactivity in order that some unconscientious advantage could be taken of him. Vol. 3, Freeman on Judgments, Sec. 1243, p. 2587.

On the hearing before the trial court the evidence was conflicting, and the trial court did not find whether the parties had entered into the alleged oral agreement. It did, however, find that the evidence and conduct of the parties indicated that some conversation took place between counsel which appellants may have been justified in construing as an oral agreement, but that it did not take place in the court room, or in the presence of the court; was never called to the attention of the court, and the court was never advised of it. Since, therefore, the alleged agreement was disputed the court deemed it neither necessary nor proper to take cognizance of it. In this regard we think the trial court unduly restricted its juridical power and authority.

█ It is true that ordinarily courts will not recognize or give effect to oral agreements not made in the presence of the court or with the court's knowledge and consent. The matter is generally governed by court rule. Evans v. State National Bank, C.C., 19 F. 676; Brown v. Farmers Loan & Trust Co., 109 Iowa 440, 80 N.W. 525; Farmers State Savings Bank of Promise City v. Miles, 206 Iowa 766, 221 N.W. 449; In re Eder's Estate, 100 Colo. 329, 67 P.2d 1030; Horwitz v. Finkelstein, Tex.Civ.App., 182 S.W.2d 751; Carlton v. Saville, 51 S.D. 282, 213 N.W. 509. But, this rule is sufficiently flexible to allow courts to give effect to oral agreements between parties, if failure to do so would allow one party to take an unconscientious advantage of his breach. Mutual Life Ins. Co. v. O'Donnell, 146 N.Y. 275, 40 N.E. 787, 48 Am.St.Rep. 796; Greenberg v. Kaplan, 277 Mich. 1, 268 N.W. 788; Stone Mountain Confederate Monumental Ass'n, v. Smith, 170 Ga. 515, 153 S.E. 209; Fresno City High School Dist. v. Dillon, 34 Cal.App.2d 636, 94 P.2d 86; William Lane, Inc., v. Selby Shoe Co., 2 Cir.,

45 F.2d 581; St. Louis I. M. & S. R. Co. v. Webster, 99 Ark. 265, 137 S.W. 1103, 1199, Ann.Cas.1913B, 141.

In our case the oral agreement and bona fide reliance thereon is alleged. The equitable processes of the courts are invoked and a valid defense to the judgment is manifest on the record—a timely appeal would have certainly resulted in a reversal and vacation of the judgment as in the companion case. Furthermore, the appellants are without legal remedy. If, as alleged, the appellants refrained from perfecting an appeal in reliance upon an understanding that the judgment against them would abide the result of the appeal in the companion case, it would be palpably unjust and inequitable for the judgment creditor to have satisfaction of his judgment. And, it is within the equitable power of the court acting upon appellants' motion to grant the relief for which they pray.

The evidence on whether the agreement was actually made as alleged is conflicting and unresolved by the trial court. While we think it entirely sufficient to support the motion, it does not lie within our province to resolve factual conflicts—such is the exclusive function of the trial court. We simply hold that the agreement as alleged entitles the appellants to the equitable relief for which they pray, and which the trial court was empowered to grant.

The case is accordingly reversed and remanded to allow the trial court to resolve the factual conflict, and to proceed in accordance with the views herein expressed.