SHANN, Respondent, v. CITY OF RAPID CITY, Appellant

(44 N. W.2d 780)

(File No. 9143. Opinion filed November 28, 1950)

**Hanley, Leedom & Driscoll,** Rapid City, for Defendant and Appellant.

**Bellamy, Eastman & Christol,** Rapid City, for Plaintiff and Respondent.

ROBERTS, J. This is an action to recover judgment for alleged negligence resulting in damages to plaintiff's residence property in Rapid City. The first judgment for plaintiff was reversed. Shann v. Rapid City, 72 S.D. 418, 35 N.W.2d 399. The action was retried and judgment for plaintiff was entered on August 29, 1949. An appeal therefrom was perfected on December 13, 1949, and an order was served upon the court reporter for transcript of the testimony. Plaintiff-respondent has moved in this court, pursuant to an order to show cause, for dismissal of the appeal. The ground of the motion is that appellant did not serve upon respondent the transcript and assignments of error within ten days after delivery of the transcript by the reporter to the appellant on March 31, 1950. It is asserted that there has been no extension of time either by an order of the court or stipulation of the parties.

The applicable provisions of SDC 33.0736 read as follows: "The transcript and assignments of error shall be served upon the adverse party within ten days after the receipt thereof by the party to whom it was delivered and the original transcript and assignments, with proof of service thereof, shall forthwith be filed in the office of the clerk of the court."

The affidavit of counsel filed in resistance to the motion recites that some time in the early spring of 1950 counsel for appellant had a conversation with respondent's counsel wherein affiant stated that the analysis of the testimony and preparation of the assignments of error was a long and arduous task; that he had done the work on the first appeal during the previous summer and did not wish to repeat this experience; that it would be preferable to prepare the appeal in the fall; and that counsel for respondent expressed a similar preference and indicated an agreement with this arrangement. Counsel for respondent in counter affidavits state that they have a definite recollection of the conversation with opposing counsel and emphatically deny that they then or at any other time agreed to such an extension of time or made any statement from which it could be reasonable inferred that such an arrangement was acceptable to them.

■ The provisions of SDC 32.1202 provides that an attorney has authority to bind his client by an agreement within the scope of his proper powers and duties, but there is included therein the limitation that "no evidence of any such agreement is receivable except the statement of the attorney himself, his written agreement signed and filed with the clerk, or an entry thereof upon the records of the court". This rule prevails in many jurisdictions either by rule of court or by statute and "grew out of the frequent conflict between attorneys", said the court in Mutual Life Ins. Co. v. O'Donnell, 146 N.Y. 275, 40 N.E. 787, 788, "as to agreements made with reference to proceedings in actions, and was intended to relieve the courts from the constant determination of controverted questions of fact with reference to such proceedings." The affidavits are at variance as to what was said between counsel, and there is no claim of compliance with the rule in any respect. It is not necessary or proper under the cricumstances to consider the conflicting affidavits. Gibson v. Allen, 18 S.D. 417, 100 N.W. 1096; Bunday v. Smith, 23 S.D. 308, 121 N.W. 792; Carlton v. Saville, 51 S.D. 282, 213 N.W. 509; Am.Law Inst. Restatement, Contracts, Vol. 1, § 94.

■ Appellant has not asked for other relief than the enforcement of the purported agreement. No sufficient reason is shown by appellant for not filing the transcript of testimony and assignments of error within the time required and the diligence of respondent in moving for dismissal does not appear to be controverted.

The motion herein is sustained, and accordingly the appeal is dismissed.

All the Judges concur.