PETERSON, Respondent, v. GREAT AMERICAN INSURANCE COMPANY, Appellant

(47 N. W.2d 284)

(File No. 9218. Opinion filed March 28, 1951)

**Bailey, Voorhees, Woods & Fuller,** Sioux Falls, for Defendant and Appellant.

**Donald J. Porter,** Chamberlain, **M. Q. Sharpe,** Kennebec, for Plaintiff and Respondent.

RUDOLPH, J.  Respondent has moved to dismiss this appeal for the reason that appellant failed to comply with SDC 33.0736.  This section of the Code so far as here material provides:  "The transcript and assignments of error shall

be served upon the adverse party within ten days after the receipt thereof by the party to whom it was delivered * * *".

The facts disclose that written notice of entry of judgment was served October 9, 1950. Immediately thereafter, and before perfecting an appeal, the appellant ordered a transcript from the court reporter. The transcript was delivered October 28, 1950. On December 15, 1950 the appellant served and filed a notice of appeal and undertaking, and contemporaneously therewith served the transcript and assignments of error upon repsondent.

■■ We are of the opinion that the procedure followed by appellant is proper and within the contemplation of SDC 33.07. A reading of this chapter on appellate procedure discloses that the various steps there outlined all stem from the time the appeal is taken. Especially is this true with reference to the transcript. Thus it is provided in SDC 33.-0733 that, "Any party **who shall have perfected an appeal** may within ten days thereafter * * *" order a transcript. The section upon which respondent relies follows this section relating to ordering the transcript and it seems clear to us that the ten-day period within which to serve the transcript relates to the time after delivery when the transcript is ordered within the time fixed by the prior section and after the appeal has been perfected. To hold that a transcript must be served within ten days after its receipt even though no appeal has been taken, would not seem reasonable as the only purpose in serving and filing the transcript, so far as concerns this present proceeding, is to make the appeal effectual for certain purposes. Nor would it seem reasonable to hold that a litigant must serve and file assignments of error for an appeal before an appeal is taken simply because a transcript has been received.

As stated above the rules when read as a whole contemplate that the various steps required to make the appeal effectual from the time fixed for the service of the assignments of error, through the settlement of the record, and the time for filing briefs all stem from the time the appeal is perfected. We are of the view, therefore, that when the transcript is ordered and received before the appeal is per-

fected, the situation is in all respects similar so far as orderly procedure and dispatch are concerned to an appeal taken when no transcript is used, in which event the appellant, under SDC 33.0735, has ten days after taking the appeal within which to serve assignments of error. So in the event the transcript is ordered and received before the appeal is taken we believed it within the contemplation of the rules that appellant has ten days after taking the appeal within which to serve and file the assignments of error and transcript. That such holding is within the contemplation of the rules is further evidenced by the fact that where appellant first perfects an appeal there is allowed the ten-day period thereafter within which to order the transcript. Appellant must either order or serve a transcript within ten days after an appeal is perfected. If he does either the appeal proceeds with dispatch.

The case of Shann v. Rapid City, S. D., 44 N.W.2d 780, has no application here since in that case the transcript was ordered and received after the appeal was perfected.

The motion to dismiss the appeal is in all things denied. All the Judges concur.