**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOE ADAM GONZALEZ, JR.,

Defendant-Appellant.

Nos. 05-8034, 05-8039

(D. Wyoming)

(D.C. No. 02-CR-077-J; 04-CV-94-J)

**ORDER**

Before **EBEL**, **McKAY**, and **HENRY**, Circuit Judges.

In appeal number 05-8034, Joe Adam Gonzalez, Jr. a federal prisoner proceeding pro se, requests a certificate of appealability (a "COA") to appeal the denial of his 28 U.S.C. § 2255 habeas petition. In appeal number 05-8039, Mr. Gonzalez appeals the district court's denial of his petition for *audita querela*. For the reasons stated below, we deny a COA, dismiss appeal number 05-8034, and, in appeal number 05-8039, we affirm the district court's denial of his petition for *audita querela*, and we deny Mr. Gonzalez's implied motion for an order authorizing the district court to consider a successive § 2255 motion.

# I. BACKGROUND

Mr. Gonzalez, was originally indicted on May 17, 2002, in the District of Wyoming for conspiracy to traffic in methamphetamine, in violation of 21 U.S.C. § 846 (count one), and for aiding and abetting in the possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 18 U.S.C. § 2 (count two). Mr. Gonzalez pleaded not guilty to those charges and was subsequently convicted on both counts. The district court sentenced him to 85 months' imprisonment, a $2,000 fine, and four years of supervised release. Mr. Gonzalez filed a timely notice of appeal, but he later voluntarily moved to dismiss his appeal. We granted the motion.

Mr. Gonzalez subsequently filed an initial habeas petition under 28 U.S.C. § 2255 on March 22, 2004, and he raised five claims: (1) his conviction under provisions of Title 21 of the United States Code is invalid because Title 21 has not been enacted into positive law; (2) his indictment was invalid because the charged offenses occurred within one state and therefore could not be prosecuted federally; (3) he received ineffective assistance of counsel because his attorney did not contest his conviction under the Controlled Substances Act, which, according to Mr. Gonzalez, is unconstitutional, (4) the grand jury was unconstitutionally instructed as to his guilt and potential punishment; and (5) his

prosecution violated the double jeopardy clause. The district court denied the petition on March 29, 2005.

While the § 2255 motion was pending before the district court, Mr. Gonzalez filed a petition for a writ of error *audita querela* to challenge the legality of his 85-month sentence based on the Supreme Court's holding in *United States v. Booker*, 125 S. Ct. 738 (2005). The district court sua sponte denied that petition, treating it as an application for permission to file a subsequent motion pursuant to § 2255.

## II. DISCUSSION

A. § 2255 Motion in Case No. 05-8034

To appeal the district court's denial of his § 2255 petition, Mr. Gonzalez must obtain a COA by making "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Mr. Gonzalez may make this showing by demonstrating that "'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "[A] claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that [the] petitioner will not prevail." *Id.* The district court

examined each of Mr. Gonzalez's claims, and, after careful consideration, denied relief.

We have conducted a thorough review of the pleadings, Mr. Gonzalez's brief, and the entire record on appeal. For the purpose of judicial economy, we decline to duplicate the district court's clear and comprehensive analysis of the claims raised in Mr. Gonzalez's § 2255 motion. For substantially the same reasons as those discussed by the district court, we conclude that the district court's disposition of Mr. Gonzalez's § 2255 motion was correct.

B. Petition for a writ of *audita querela* in Case No. 05-8039

Whether a prisoner who remains in custody under the criminal judgment he seeks to challenge may obtain relief from that judgment by means of a petition for a writ of error *audita querela* presents only legal issues, and this court's review is accordingly de novo. *See United States v. Torres*, 282 F.3d 1241, 1245-47 (10th Cir. 2002); *see also United States v. Harms*, 371 F.3d 1208, 1210 (10th Cir. 2004) (regarding review of questions of law in § 2255 appeals).

Mr. Gonzalez contends that the district court's decision to deny his motion for a writ of error *audita querela* was in error and must be reversed. In its order denying his motion, the district court concluded that (1) a motion under § 2255 was neither inadequate nor unavailable to Mr. Gonzalez for purposes of challenging the legality of his 85-month sentence under *Booker*, and (2) that §

2255 remained the exclusive means by which he could raise such a challenge. In addition, the district court determined that because *Booker* was not retroactively available for challenging sentences in any postconviction proceeding once a defendant's conviction has become final, his motion, however characterized, could not be granted. We agree with the district court's reasoning.

As the government notes, the common law writ of *audita querela* apparently dates back to the early part of the 14th century, where it served as a means by which judgment debtors could seek relief from a judgment that had become infirm since its entry by virtue of a discharge or other subsequent matter which for some reason could not have been raised at trial. *See* BLACK'S LAW DICTIONARY 131 (6th ed. 1990)

As we explained in *Torres*,

> [u]sually a writ of *coram nobis* is used "to attack a judgment that was infirm [at the time it issued], for reasons that later came to light." By contrast, a writ of *audita querela* is used to challenge "a judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition."

282 F.3d at 1245 n.6 (quoting *United States v. Reyes*, 945 F.2d 862, 863 n.1 (5th Cir. 1991) (alteration in original) (citations omitted)). "In modern practice, the writ has been supplanted by the more simple and expeditious motion to vacate or . . . for relief against the judgment, based upon equitable grounds." *Oliver v. City of Shattuck ex rel. Versluis,* 157 F.2d 150, 153 (10th Cir. 1946).

We agree with the district court that § 2255 provides the exclusive means for Mr. Gonzalez to test his conviction in the sentencing court. Thus, we construe his notice of appeal and appellate brief as an implied application under § 2244(b)(3)(A) to proceed with a successive § 2255 motion, *Torres*, 282 F.3d at 1246, and we deny such authorization.

"[T]o allow a petitioner to avoid the bar against successive § 2255 petitions by simply styling a petition under a different name would severely erode the procedural restraints imposed under 28 U.S.C. §§ 2244(b)(3) and 2255." *Id.* "[A] writ of *audita querela* is not available to a petitioner when other remedies exist, such as a motion to vacate sentence under 28 U.S.C. § 2255." *Id.* at 1245 (quotation and citation omitted). The § 2255 remedy lies "unless it is shown to be inadequate or ineffective to test the legality of the prisoner's detention." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963).

"[T]he mere fact" that a petitioner "is precluded from filing a second § 2255 petition does not establish that the remedy in § 2255 is inadequate." *Caravalho v. Pugh*, 177 F.3d 1177, 1179 (10th Cir. 1999). That is precisely Mr. Gonzalez's circumstance.

Because we construe this appeal as a § 2255 motion, it is barred unless we certify the petition to contain either newly discovered evidence or "a new rule of

constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255.

Because Mr. Gonzalez does not allege newly discovered evidence, we consider only the second precondition and decline to certify. Even though *Booker* announced a new rule of substantive law retroactively applicable to cases on direct review, it was not "made retroactive to cases on collateral review by the Supreme Court," 28 U.S.C. § 2255, for either an initial § 2255 petition, *United States v. Bellamy,* 411 F.3d 1182, 1186-87 (10th Cir. 2005), or a second or successive § 2255 motion. *Bey v. United States*, 399 F.3d 1266, 1269 (10th Cir. 2005). "[A] new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663 (2001). The § 2255 remedy is not inadequate or ineffective under the circumstances presented here, and Mr. Gonzalez is simply barred from raising it.

## III. CONCLUSION

For the foregoing reasons, we DENY Mr. Gonzalez's request for a COA, and DISMISS appeal number 05-8034. In appeal number 05-8039, we AFFIRM the district court's denial of the petition for writ of *audita querela* and DENY Mr.

Gonzalez's implied motion for an order authorizing the district court to consider a successive § 2255 motion.

Entered for the Court,

Robert H. Henry
Circuit Judge